■ P. T. WANDERER ASSOCIATES, INC., Respondent, v TALCOTT COMMUNICATIONS CORP., Appellant. — Order of the Supreme Court, New York County (Allen Murray Myers, J.), entered on November 26, 1984, which granted plaintiff's motion for an order of attachment, is reversed, on the law, and the motion denied, with costs and disbursements.

The instant action seeks to recover commissions allegedly owed to plaintiff pursuant to a written agreement for the sale of advertising space in defendant's publication. Plaintiff subsequently obtained an order of attachment on the grounds that defendant was a foreign corporation not qualified to do business within New York State. (CPLR 6201 [1].) Defendant then moved to vacate the order of attachment, contending that it had become a qualified foreign corporation, and no additional basis for attachment existed under CPLR 6201. In granting the motion to vacate, Special Term held that since defendant was now qualified to do business within New York State, the reason for the order of attachment had been negated. Referring to plaintiff's argument that defendant lacked financial stability and possessed no known assets in New York, the court found that plaintiff had failed to demonstrate an intent on defendant's part to defraud creditors or to frustrate enforcement of a possible judgment against it. Moreover, plaintiff had not shown that defendant had made any assignments of property, encumbered or secreted any property or performed any other acts condemned by the statute. On appeal, this court, in an order entered on June 5, 1984, affirmed the ruling by Special Term. (102 AD2d 1020.) Leave to appeal to the Court of Appeals was denied by both this court and the Court of Appeals.

Thereafter, plaintiff moved by order to show cause for a new order of attachment under CPLR 6201 (3). In support of its application, plaintiff charged defendant with having consistently removed all of its assets from New York State, maintaining bank accounts only outside the jurisdiction of New York's courts and with being in desperate financial straits. Defendant responded by pointing out that the prior court had specifically

determined that plaintiff had not established a right to an order of attachment pursuant to CPLR 6201 (3), a finding which had been affirmed on appeal. Defendant also maintained that plaintiff had not presented any facts which would indicate a fraudulent concealment of assets. Nonetheless, Special Term granted the application for an order of attachment, and defendant now appeals. In that connection, an examination of the record herein reveals that plaintiff's moving papers have done nothing more than repeat the conclusory allegations previously deemed insufficient for a prejudgment attachment both at Special Term and on appeal. Since attachment is considered a harsh remedy, and the statute must be strictly construed in favor of those against whom it may be applied (*First Natl. Bank v Highland Hardwoods,* 98 AD2d 924; *Siegel v Northern Blvd. & 80th St. Corp.,* 31 AD2d 182), Special Term was not warranted in granting the order of attachment. Concur — Murphy, P. J., Lynch and Milonas, JJ.

Ross, J., dissents in a memorandum as follows: I would affirm.

In my opinion, the majority have exalted form over substance and have disregarded the obvious ploy of this defendant, a foreign corporation, to defeat the plaintiff's attempt to recover money allegedly due. My review of this record clearly indicates that the defendant qualified solely to do business in this State so that it would be in a position to ward off an application for an order of attachment. I agree with Special Term that the weight of the evidence supports the conclusion that defendant is removing property from this State "to * * * frustrate * * * a judgment that might be rendered in plaintiff's favor" (CPLR 6201 [3]). In fact, during argument at Special Term on November 5, 1984, defendant's counsel admitted that any funds received by defendant, as a result of the release of the Sheriff's levy, would be removed from this State.

McLaughlin, Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR C6201:4, p 14) states "that the language about frustrating the enforcement of a judgment * * * was added by the Legislature, apparently to make it easier for the plaintiff to obtain an order of attachment".

There is neither factual nor legal justification to vacate this attachment.