■ MIDDLE VILLAGE ASSOCIATES, Appellant-Respondent, v VERTICAL INDUSTRIAL PARK ASSOCIATES, Respondent-Appellant. —In an action for a judgment declaring the respective rights and obligations of the parties with respect to the heating, ventilating and air conditioning of a certain retail mall, and for related damages and injunctive relief, the plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated March 22, 1991, as conditioned the granting of its motion for a preliminary injunction enjoining the defendant from discontinuing

heating, ventilating and air conditioning services supplied by it to the plaintiff upon payment by the plaintiff of arrears for those services totalling $218,291.62, (2) from an amended order of the same court, dated April 3, 1991, which reiterated the provisions of the order dated March 22, 1991, and required the plaintiff to post an undertaking of $200,000 and to continue to pay the defendant the amount of $39,395.83 per month for heating, ventilating and air conditioning services, and (3) from an order of the same court (Smith, J.) dated April 15, 1991, which denied the plaintiff's motion, in effect, to reargue its prior motion for a preliminary injunction, and the defendant cross-appeals from so much of the order dated March 22, 1991, and the amended order dated April 3, 1991, as granted the plaintiff's motion for a preliminary injunction and denied its cross motion to dismiss the complaint.

Ordered that the appeal and cross appeal from the order dated March 22, 1991, are dismissed, without costs or disbursements, as that order was superseded by the amended order dated April 3, 1991, and it is further,

Ordered that the amended order dated April 3, 1991 is modified, as a matter of discretion, by (1) deleting the provision thereof requiring the plaintiff to pay the defendant arrears in the sum of $218,291.62, and substituting a provision requiring the plaintiff to pay the defendant the sum of $159,250 representing alleged arrears, (2) deleting the provision thereof requiring the plaintiff to continue to pay the defendant $39,395.83 per month for heating, ventilating, and air conditioning services and substituting therefor a provision requiring the plaintiff to continue making such payments at the rate of $31,000, per month, and (3) deleting the provision thereof requiring the plaintiff to post an undertaking in the amount of $200,000 and substituting therefor a provision requiring the plaintiff to post an undertaking in the amount of $500,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and it is further,

Ordered that the appeal from the order dated April 15, 1991, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.

The imposition of reasonable conditions on the issuance of a preliminary injunction is a necessary and incidental power of the courts (see, Town of E. Hampton v Buffa, 157 AD2d 714, 716; Paddock Const. v Automated Swimpools, 130 AD2d 894; see also, 12 Carmody-Wait 2d, Injunctions, § 78:76). A review of the record reveals that continued payments by the plaintiff

of $31,000 per month for heating, ventilating, and air conditionings services, and the payment to the defendant of $159,250, representing alleged arrears, in combination with the plaintiff's posting of an undertaking in the amount of $500,000 pursuant to statutory mandate (see, CPLR 6312 [b]; see, Sutton, DeLeeuw, Clark & Darcy v Beck, 155 AD2d 962), will adequately serve to protect the defendant's interest during the pendency of this action.

We find that the trial court correctly denied the defendant's cross motion to dismiss the complaint based upon the Statute of Frauds (General Obligations Law § 5-701) and General Obligations Law § 15-301 (1), with leave to the defendant to reassert that claim as an affirmative defense. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.