■ ROBERT McMULLIN, Respondent, v PELHAM BAY RIDING, INC., et al., Appellants.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about June 12, 1991, which, insofar as appealed from, denied defendant Martyn's motion for summary judgment, unanimously affirmed, with costs.

Plaintiff seeks damages for personal injuries sustained when he fell from a horse allegedly because the horse was not properly saddled. Plaintiff argues that defendant Martyn, the president and sole shareholder of the corporate defendant, which runs a horse riding facility from which plaintiff rented the horse, carried on the business in his personal capacity and thus should be held personally liable. While it is true that the corporate veil cannot be pierced solely because of Martyn's status as president and sole shareholder of the corporation *(Weis v Selected Meat Packers,* 91 AD2d 1085, 1086), the absence of any external indicia of separate corporate identity, such as the keeping of corporate records and bank accounts, indicates that Martyn may not have respected the corporation as a separate entity *(cf., Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 657). We agree with the IAS Court that a genuine issue of fact exists as to whether the corporation was a "dummy" for Martyn to carry on the business in his personal capacity for purely personal rather than corporate ends *(supra).* Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.