■ JESSEL ROTHMAN, Appellant, v RICHARD ROGERS et al., Defendants, and MARY ROGERS, Respondent. [633 NYS2d 361] —In an action, inter alia, for a judgment on an account stated, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered October 12, 1993, as granted the cross motion of the respondent Mary Rogers to vacate the plaintiff's order of attachment on certain real and personal property.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon a motion to vacate an attachment, the plaintiff has the burden of establishing the grounds for the attachment, the need for continuing the levy, and the probability of success on the merits (see, CPLR 6223 [b]). The court has broad discretion in considering such an application (see, Zenith Bathing Pavilion v Fair Oaks S.S. Corp., 240 NY 307, 312-313).

Here, the plaintiff did not establish that the defendant Richard Rogers could not be personally served by any available method (see, CPLR 308, 6201 [2]). Moreover, the plaintiff's allegation that Richard Rogers was attempting to defraud his creditors or frustrate enforcement of a judgment against him was devoid of evidentiary support (see, Computer Strategies v Commodore Bus. Machs., 105 AD2d 167, 173). The Supreme Court therefore properly granted the respondent's application to vacate the order of attachment. Sullivan, J. P., O'Brien, Copertino and Krausman, JJ., concur.