■ P. A. BUILDING COMPANY, Respondent, v ELWYN D. LIEBERMAN, INC., Formerly Known as ALLAN & GRAY CORPORA-

TION, et al., Appellants. [642 NYS2d 300] —Order of the Supreme Court, New York County (Walter Schackman, J.), entered February 14, 1995, which denied defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

This controversy arises out of the sale of the assets of defendant Allan & Gray Corporation, the tenant under a lease given by plaintiff P. A. Building Company to defendant The Alling & Cory Company. The purchaser did not assume the lease, and plaintiff sues to recover over $214,000 in accrued rent. At issue is whether the seller, Allan & Gray Corporation, received fair value for its good will.

Defendant Elwyn D. Lieberman was the president and sole shareholder of Allan & Gray Corporation, which was engaged in the business of selling paper to publishers in the New York metropolitan area. Mr. Lieberman accounted for over 85% of its annual sales of $35,000,000. In the ensuing transaction, Allan & Gray Corporation (the Corporation) received the value of its inventory and accounts receivable, an amount in excess of $1,900,000, plus $100,000 for its good will and a like sum for its covenant not to compete. Elwyn Lieberman received $800,000 for his non-competition agreement, and defendant Sunnyridge Corporation, a company formed by Mr. Lieberman to be his employer, received $400,000 in deferred compensation for supplying his services to Allan & Gray, Inc., a company formed by The Alling & Cory Company (under a name Mr. Lieberman's customers would be sure to recognize).

The substance of plaintiff's contention is that the transaction was structured to direct the purchase monies to Mr. Lieberman, personally, for the purpose of avoiding payment of the balance remaining under the lease. Plaintiff alleges that the conveyance was fraudulent pursuant to Debtor and Creditor Law §§ 273 to 276. In opposition to defendants' motions for summary judgment dismissing the complaint, plaintiff submitted the affidavit of an expert stating that the fair value of the Corporation was at least $1,000,000 more than the price paid. In addition to the claimed diversion of $800,000 to Mr. Lieberman by way of the non-competition agreement, the expert maintained that the $400,000 in deferred compensation also should have been allocated to the Corporation's sale price because it is payable to Mr. Lieberman (or his estate) even if he died the next day, the sole contingency being the performance of the Corporation's accounts over the four years following the acquisition.

In opposition, defendants' accountant emphasized that, unlike a large corporation, this transaction involved an enterprise built around a single key employee, requiring that his services be restricted by an agreement not to compete. In response to plaintiff's alleged need for further disclosure, defendants asserted that plaintiff had not noticed any additional depositions and that, in any event, there is no factual dispute, merely a difference as to interpretation.

Supreme Court denied summary judgment, finding that the affidavit of plaintiff's expert raised a triable issue of fact with respect to whether the $800,000 payment for Mr. Lieberman's covenant not to compete was a subterfuge constituting a "diversion of funds in defeasance of the rights of plaintiff as creditor".

What plaintiff overlooks is that The Alling & Cory Company, in purchasing the assets of the Corporation, acquired what was essentially a one-man operation in which defendant Elwyn D. Lieberman accounted for the vast majority of the Corporation's business. It has long been recognized that good will may sometimes attach to an employee who maintains distinctly personal or professional relationships with customers, so that the business entity possesses little of it (see, Matter of Brown, 242 NY 1, 11). Nothing in plaintiff's submissions contradicts this conclusion and, thus, it cannot be said that the structure of the transaction (which is concededly designed to minimize double taxation) represents an unfair allocation of value between corporate assets and personal services.

Elwyn Lieberman's status as president and sole shareholder of the Corporation is insufficient to pierce the corporate veil absent a showing that corporate formalities were not observed (see, McMullin v Pelham Bay Riding, 190 AD2d 529). Plaintiff has not met its burden on this issue (see, O'Brien-Kreitzberg & Assocs. v K.P., Inc., 218 AD2d 519 [judgment sought to be enforced against judgment debtor's alleged successor corporation and its principal]; Symbax, Inc. v Bingaman, 219 AD2d 552, 554 [fraudulent conveyance trial]). Even if this Court were to independently search the record (see, Brooks v City of New York, 212 AD2d 435, 436; Matter of Guttenplan, 222 AD2d 255, 257), there is no discernible question regarding the fairness of consideration so as to support a claim of constructive fraud, and plaintiff has supplied no proof of fraudulent intent (see, e.g., Apple Bank for Sav. v Contaratos, 204 AD2d 375). Finally, in the absence of a demonstrated issue of fact, there is no need for additional disclosure under the circumstances of this case. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Tom, JJ.