■ MICHAELS ELECTRICAL SUPPLY CORP., Appellant, v TROTT ELECTRIC, INC., et al., Respondents. [647 NYS2d 839] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kohn, J.), dated May 20, 1996, as denied its application for an order of attachment on the residence of the defendant Jeffrey Trott.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, the Supreme Court correctly denied its motion for an order of attachment (*see,* CPLR 6201 [3]) restraining the conveyance of the individual defendant's residence. Attachment is a provisional remedy designed to secure a debt by preliminary levy upon the property of the debtor to conserve it for eventual execution. Because of the harsh nature of attachment and because it is in derogation of the common law, the courts have strictly construed the attachment statute in favor of those against whom it may be employed (*see, Elton Leather Corp., v First Gen. Resources Co.,* 138 AD2d 132, 135). The plaintiff is not entitled to an order of attachment as against the residence of the individual defendant and his wife to secure a debt allegedly owed by the corporate defendant since the plaintiff has failed to demonstrate that it is entitled to pierce the corporate veil so as to reach the assets of the individual defendant (*see, Maggio v Becca Constr. Co.,* 229 AD2d 426; *Seuter v Lieberman,* 229 AD2d 386; *Finkel v Blair & Co.,* 213 AD2d 588; *cf., McMullin v Pelham Bay Riding,* 190 AD2d 529; *see also, Somer & Wand v Rotondi,* 219 AD2d 340).

Even if the residence were subject to attachment, the plaintiff has not demonstrated that the defendants have engaged in fraudulent conduct intended to frustrate their creditors so as to warrant the imposition of this remedy. Furthermore, the Supreme Court correctly concluded that the plaintiff had failed to demonstrate a likelihood of success on its underlying claims predicated upon Lien Law article 3-A.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.