■ MINEOLA FORD SALES LTD., Respondent, v ANITA B. RAPP, Also Known as ANITA BENJAMIN, Appellant. [661 NYS2d 281] —In an action, inter alia, to recover damages for fraud, conversion, and breach of fiduciary duty, the defendant appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated August 8, 1996, as granted the plaintiff's motion for an order of attachment and a preliminary injunction enjoining her from using, transferring, or otherwise disposing of assets or property of the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

In order to obtain an order of attachment under CPLR 6201 (3), the plaintiff must demonstrate that the defendant has or is about to conceal his or her property in one or more of several enumerated ways, and has acted or will act with the intent to defraud his or her creditors, or to frustrate the enforcement of a judgment in favor of the plaintiff (see, Arzu v Arzu, 190 AD2d 87, 91; Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., 118 AD2d 769, 772). The moving papers must contain evidentiary facts—as opposed to conclusions—proving the fraud (Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., supra; see also, Rothman v Rogers, 221 AD2d 330; Rosenthal v Rochester Button Co., 148 AD2d 375, 376). In addition to proving fraudulent intent, the plaintiff must also show probable success on the merits of the underlying action in order to obtain an order of attachment (see, CPLR 6212 [a]; Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., supra; Computer Strategies v Commodore Bus. Machs., 105 AD2d 167, 172).

Here, the Supreme Court properly found that the plaintiff had produced sufficient evidentiary facts to warrant the issuance of an order of attachment under CPLR 6201 (3). The defendant, while an employee of the plaintiff, had falsified busi-

ness records and accounting ledgers and diverted the plaintiff's funds for her own personal use, including but not limited to payments to her various credit card companies and the purchases of jewelry, clothing, and furniture. The defendant offered no explanation as to what had happened to hundreds of thousands of dollars belonging to the plaintiff while the funds were under her control. There was, therefore, a sufficient evidentiary showing of fraudulent intent and a likelihood of ultimate success on the merits necessary for the issuance of an order of attachment.

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.