■ ELENA D. BENEDICT, Appellant, v ELISE B. BROWNE et al., Respondents, et al., Defendant. [735 NYS2d 404] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (DiBlasi, J.), entered July 18, 2000, which denied her motion for an order of attachment, and (2) an order of the same court entered March 7, 2001, which denied her motion for leave to renew.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

To obtain an order of attachment under CPLR 6201 (3), the plaintiff must demonstrate that the defendant has concealed or is about to conceal property in one or more of several enumerated ways, and has acted or will act with the intent to defraud creditors, or to frustrate the enforcement of a judgment that might be rendered in favor of the plaintiff (*see, Arzu v Arzu,* 190 AD2d 87, 91; *Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp.,* 118 AD2d 769, 772). The moving papers must contain evidentiary facts, as opposed to conclusions, proving the fraud (*see, Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., supra; see also, Rothman v Rogers,* 221 AD2d 330; *Rosenthal v Rochester Button Co.,* 148 AD2d 375, 376). In addition to proving fraudulent intent, the plaintiff must also show probable success on the merits of the action (*see,* CPLR 6212 [a]; *Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., supra,* at 773; *Computer Strategies v Commodore Bus. Machs.,* 105 AD2d 167, 173).

Here, the Supreme Court properly denied the plaintiff's motion for an order of attachment, as there has been an insufficient showing that the defendants engaged in any conduct which would satisfy the requirements of CPLR 6201 (3).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Crane, JJ., concur.