■ LINDA KORNBLUM, Respondent, v MICHAEL KORNBLUM, Defendant. ANDREW BRILLIANT, Nonparty Appellant. [828 NYS2d 404]—

In an action for a divorce and ancillary relief, the nonparty, Andrew Brilliant, appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated May 9, 2005, which, inter alia, in effect, granted that branch of the plaintiff's motion which was to vacate an order of attachment in a related action entitled *Brilliant v Kornblum*, pending in Supreme Court, Westchester County, under index

No. 16766/02, and directed that the remaining balance of an escrow account held by the firm of Berman Bavero Frucco & Gouz, PC, in the approximate amount of $125,134 be released to her without liability.

Ordered that the order and judgment is affirmed, without costs or disbursements.

By order entered January 30, 2004 the Supreme Court directed the release of certain escrow funds from the sale of the marital residence to the plaintiff to cover money judgments obtained by her against the defendant relating to substantial arrears in child support and maintenance incurred by him. Subsequently, the nonparty Andrew Brilliant, obtained an order of attachment dated June 21, 2004, against the plaintiff's property relating to claims by him against her in a related case entitled *Brilliant v Kornblum,* pending in Supreme Court, Westchester County. Consequently, the plaintiff moved, inter alia, for the release of the escrow funds to her without liability. The Supreme Court granted the plaintiff's motion, upon, inter alia, the admission by Brilliant's counsel that the requisite undertaking in the sum of $10,000 was never filed with the court, and directed the release of the escrow funds without liability. Brilliant now contends that the Supreme Court erred in entertaining the plaintiff's motion. We disagree.

"Attachment is a provisional remedy designed to secure a debt by preliminary levy upon the property of the debtor to conserve it for eventual execution" (*Michaels Elec. Supply Corp. v Trott Elec.,* 231 AD2d 695 [1996]). Because attachment is a harsh remedy, courts have strictly construed the statute in favor of those against whom it may be employed (*see Michaels Elec. Supply, supra; P. T. Wanderer Assoc. v Talcott Communications Corp.,* 111 AD2d 55 [1985]). The failure to timely comply with the undertaking filing requirement in an order of attachment is a jurisdictional defect rendering the attachment, and any judgment entered thereon, void (*see McCann Schnitzler,* 254 NY 107 [1930]; *Tiffany v Lord,* 65 NY 310 [1875]; *Van Loon v Lyons,* 61 NY 22 [1874]). Since Brilliant failed to file the requisite undertaking, and in view of the defendant's substantial arrears and money judgments against him, the Supreme Court providently exercised its discretion by, in effect, granting that branch of the plaintiff's motion which was to vacate the order of attachment and directing the release of the escrow funds to the plaintiff without liability (*see* CPLR 5205). Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.