■ JOSEPH CORSI, Respondent, v CHARLES VROMAN et al., Defendants, and NANCY VROMAN, Appellant. [829 NYS2d 234]—

In an action, inter alia, to recover damages for breach of fiduciary duty and conversion, and for an accounting, the defendant Nancy Vroman appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered November 16, 2005, as granted the plaintiff's motion for an order of attachment on any net proceeds received by Nancy Vroman from the sale of real property owned by her at 60 Baldwin Road, Bedford Corners, New York.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion is denied.

The Supreme Court erred in granting the plaintiff's motion for an order of attachment. In order to prevail under CPLR 6201 (3), the "plaintiff must demonstrate that the defendant has concealed or is about to conceal property in one or more of several enumerated ways, and has acted or will act with the intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in favor of the plaintiff" (*Benedict v Browne,* 289 AD2d 433, 433 [2001]; *see Mineola Ford Sales v Rapp,* 242 AD2d 371, 371 [1997]; *Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp.,* 118 AD2d 769, 772). "Furthermore, the mere removal, assignment or other disposition of property is not grounds for attachment" (*Computer Strategies v Commodore Bus. Machs.,* 105 AD2d 167, 173 [1984]; *see Abacus Fed. Sav. Bank v Lim,* 8 AD3d 12, 13 [2004]). Here, the plaintiff made no showing of any conduct which would satisfy the requirements of CPLR 6201 (3).

In view of our determination, we do not reach the parties' remaining contentions. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.