■ J.V.W. INVESTMENT LTD. et al., Respondents, v DONAL KELLEHER, Defendant, and SUISSE SECURITY BANK AND TRUST, LTD., Appellant. [837 NYS2d 650]—

Orders, Supreme Court, New York County (Ira Gammerman, J.), entered May 8 and 15, 2002, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for an attachment, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion denied and the or-

der of attachment, same court and Justice, entered May 9, 2002, implementing the foregoing orders, vacated.

CPLR article 62 did not authorize the motion court to provide that the attachment being granted was a "continuation" of an attachment plaintiffs had previously obtained in a federal court action, so that the effective date of the attachment granted herein was the same as that of the federal court attachment. Since the statute authorizing attachment is "strictly construed in favor of those against whom it may be employed" (*Glazer & Gottlieb v Nachman*, 234 AD2d 105 [1996]), the motion court had no power to grant a retroactive attachment for the purpose of relieving plaintiffs of the consequences of the anticipated dissolution of the federal court attachment in the event the challenge to federal subject matter jurisdiction succeeded, as it ultimately did (*see Correspondent Servs. Corp. v First Equities Corp. of Fla.*, 442 F3d 767 [2d Cir 2006], *cert denied sub nom. Waggoner v Suisse Sec. Bank & Trust, Ltd.*, 549 US —, 127 S Ct 1329 [2007]).

Whatever the attachment's effective date, the granting of such a drastic provisional remedy was not, in this case, a sound exercise of the motion court's discretion (*see Zenith Bathing Pavilion, Inc. v Fair Oaks S.S. Corp.*, 240 NY 307, 312-313 [1925, Cardozo, J.]; *Glazer & Gottlieb v Nachman, supra*; Siegel, NY Prac § 317, at 506-507 [4th ed]). Although defendant Suisse Security Bank and Trust, Ltd. (SSBT), as a Bahamian corporation not qualified to do business in New York, is potentially subject to an attachment under CPLR 6201 (1), SSBT was, at the time this action was commenced, already the subject of liquidation proceedings pursuant to an order of the Supreme Court of the Bahamas. Since the liquidator appointed by the Bahamian court concedes personal jurisdiction in this action and is securing SSBT's assets, an attachment is not needed to accomplish either of the purposes for which CPLR 6201 (1) authorizes such a remedy (*see Elton Leather Corp. v First Gen. Resources Co.*, 138 AD2d 132, 136 [1988]). Under these circumstances, the attachment merely gives plaintiffs an unwarranted priority over SSBT's other creditors, which "is simply not the intended purpose of [CPLR] 6201" (*Ames v Clifford*, 863 F Supp 175, 178 [SD NY 1994]).

While the United States Bankruptcy Court for the Southern District of New York, in an ancillary bankruptcy case commenced by SSBT's liquidator pursuant to former 11 USC § 304, denied the liquidator's application to enjoin further prosecution of this action, the Bankruptcy Court—contrary to plaintiffs' contention—did not make any determination that precludes us

from vacating the subject attachment. Rather, the record of the Bankruptcy Court proceedings establishes that the Bankruptcy Court specifically abstained from making any ruling concerning the attachment issued in this action, in deference to the state court proceedings.

Finally, plaintiffs have abandoned their cross appeal, which challenged the dismissal of two of their causes of action, by failing to make any reference to it in their appellate brief. Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.