■ ROBERT P. LYNN, JR., LLC, Respondent, v PATRICK J. PURCELL et al., Appellants. [869 NYS2d 157]—

In this action between co-counsel regarding a fee-sharing

agreement where a contingency fee was paid to the plaintiff law firm upon settlement of the client's case, the defendants moved to direct the plaintiff to deposit one half of the total attorneys' fees with the court or in escrow. In the order appealed from, the Supreme Court, inter alia, denied the motion. We affirm the order insofar as appealed from.

Contrary to the defendants' contentions, the Supreme Court did determine that the defendants established their right to a charging lien pursuant to Judiciary Law § 475 and were entitled to have that lien judicially determined according to principles of contract law (*see Tutarashvili v Barzilay*, 39 AD3d 851 [2007]; *Smerda v City of New York*, 7 AD3d 511, 512 [2004]; *Kaplan v Reuss*, 113 AD2d 184, 186 [1985], *affd* 68 NY2d 693 [1986]; *cf. Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 190 [2002]). Nevertheless, inasmuch as the defendants' claim against the plaintiff is for money only, the defendants were required to establish a basis for what, in effect, was their request for an attachment of the funds traceable to the fee itself. They failed to establish any such basis (*see* CPLR 6201 [3]; *cf. Fischer-Hansen v Brooklyn Hgts. R.R. Co.*, 173 NY 492, 502 [1903]; *Corsi v Vroman*, 37 AD3d 397 [2007]).

In light of our determination, we do not reach the plaintiff's remaining contention. Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.