■ NORMAN GRAFSTEIN, Respondent, v RICHARD SCHWARTZ et al., Appellants, et al., Defendants. (And Another Action.) [953 NYS2d 681]—

In an action, inter alia, to recover damages for breach of contract and fraud, the defendants Richard Schwartz, Marie Neubert, and North American Enclosures, Inc., appeal from (1) a decision of the Supreme Court, Nassau County (Bucaria, J.), entered December 10, 2010, and (2) an order of the same court dated March 7, 2011, which granted the plaintiff's motion pursuant to CPLR 6201 (1) for an order of attachment against the real and personal property of the defendant Richard Schwartz in the sum of $2 million, and thereupon directed the Sheriff of the County Nassau, or any county of the State of New York, to levy upon the real and personal property of the defendant Richard Schwartz in order to satisfy the order of attachment of $2 million.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the appeals by the defendants Marie Neubert and North American Enclosures, Inc., are dismissed, as those defendants are not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Richard Schwartz, on the law, with one bill of costs, and the plaintiff's motion pursuant to CPLR 6201 (1) for an order of attachment against the real and personal property of the defendant Richard Schwartz in the sum of $2 million is denied.

Attachment is considered a harsh remedy and CPLR 6201 is strictly construed in favor of those against whom it may be employed (see J.V.W. Inv. Ltd. v Kelleher, 41 AD3d 233 [2007]; Glazer & Gottlieb v Nachman, 234 AD2d 105 [1996]; Michaels Elec. Supply Corp. v Trott Elec., 231 AD2d 695 [1996]). Although the plaintiff established that the defendant Richard Schwartz was a nondomiciliary residing without the state (see CPLR 6201 [1]), he failed to show a probability of success on the merits on his claims against that defendant (see CPLR 6212 [a]; Shisgal v Brown, 3 AD3d 434 [2004]; Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., 118 AD2d 769, 774 [1986]). Accordingly, the Supreme Court erred in granting the plaintiff's motion pursuant to CPLR 6201 (1) for an order of attachment against the real and personal property of the defend-

ant Richard Schwartz in the sum of $2 million. Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.