■ Phyllis Hume, Individually and as Executor of Mabel Elustondo, Deceased, Respondent, v 1 Prospect Park ALF, LLC, Appellant. [28 NYS3d 125]—

In an action, inter alia, to recover damages for negligence and fraud, the defendant appeals from (1) an order of the Supreme Court, Kings County (Schack, J.), dated August 3, 2015, and (2) an order of the same court, also dated August 3, 2015, which granted the plaintiff's motion for an order of attachment against its real property in the sum of $5 million and directed the plaintiff to submit and file a bond in the amount of $500.

Ordered that the appeal from the first order dated August 3, 2015 is dismissed, as that order was superseded by the second order dated August 3, 2015; and it is further,

Ordered that the second order dated August 3, 2015 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to submit and file a bond in the amount of $500, and substituting therefor a provision directing the plaintiff to submit and file a bond in the amount of $2,500; as so modified, the second order dated August 3, 2015 is affirmed, and the first order dated August 3, 2015 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Attachment is a provisional remedy designed to secure a debt by preliminary levy upon the property of the debtor to conserve it for eventual execution, and the courts have strictly construed the attachment statute in favor of those against whom it may be employed (*see Grafstein v Schwartz*, 100 AD3d 699, 699 [2012]; *J.V.W. Inv. Ltd. v Kelleher*, 41 AD3d 233 [2007]; *Michaels Elec. Supply Corp. v Trott Elec.*, 231 AD2d 695 [1996]). In order to be granted an order of attachment under CPLR 6201 (3), a "plaintiff must demonstrate that the defendant has concealed or is about to conceal property in one or more of several enumerated ways, and has acted or will act with the intent to defraud creditors, or to frustrate the enforcement of a judgment that might be rendered in favor of the plaintiff" (*Benedict v Browne*, 289 AD2d 433, 433 [2001]; *see Corsi v Vroman*, 37 AD3d 397, 397 [2007]). In addition to proving fraudulent intent, the plaintiff must show a probability of success on the merits (*see* CPLR 6212 [a]; *Shisgal v Brown*, 3 AD3d 434 [2004]; *Benedict v Browne*, 289 AD2d at 433).

Here, the plaintiff met her burden of establishing conduct which satisfies the requirements of CPLR 6201 (3) (*see Mineola Ford Sales v Rapp*, 242 AD2d 371, 371 [1997]; *cf. Corsi v Vroman*, 37 AD3d at 397), and sufficiently demonstrated a probability of success on the merits of her claims against the defendant (*cf. Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp.*, 118 AD2d 769, 774; *cf. Ehrenkranz v 58 MHR, LLC*, 127 AD3d 918, 919 [2015]). Accordingly, the Supreme Court properly granted the plaintiff's motion for an order of attachment against the defendant's real property.

However, under the circumstances of this case, the $500 bond fixed by the Supreme Court as an undertaking was inadequate to protect the defendant's interest during the pendency of this action (*see* CPLR 6212 [e]; *Von Bock v Metropolitan Life Ins. Co.*, 223 AD2d 700 [1996]; *Middle Vil. Assoc. v Vertical Indus. Park Assoc.*, 176 AD2d 708 [1991]; *Weitzen v 130 E. 65th St. Sponsor Corp.*, 86 AD2d 511 [1982]), and, accordingly, we increase it.

The defendant's remaining contentions are without merit. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.