651 Bay St., LLC v Discenza (2020 NY Slip Op 07331)





651 Bay St., LLC v Discenza


2020 NY Slip Op 07331


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-02403 
2017-07462
 (Index No. 516568/16)

[*1]651 Bay Street, LLC, et al., respondents,
v
Elizabeth Discenza, et al., appellants.


Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Allyn J. Crawford of counsel), for appellants.
Law Office of Natalia Vassilieva, P.C., Brooklyn, NY, for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract and fraudulent inducement, the defendants appeal from (1) an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated February 8, 2017, and (2) an order of the same court dated May 24, 2017. The order dated February 8, 2017, granted the plaintiffs' motion pursuant to CPLR 6201 and 6210 for an order of attachment to the extent of attaching $65,000 being held in an attorney escrow account. The order dated May 24, 2017, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging fraudulent inducement.
ORDERED that the order dated February 8, 2017, is reversed, on the law and the facts, without costs or disbursements, and the plaintiffs' motion for an order of attachment is denied; and it is further,
ORDERED that the order dated May 24, 2017, is affirmed insofar as appealed from, without costs or disbursements.
On May 18, 2016, Natalia Skvortsova and Sergey Chernyshev entered into a contract of sale with the defendants to purchase commercial real property located in Staten Island for an all cash sales price of $1,350,000. The contract of sale, which was subsequently assigned to the plaintiff 651 Bay Street, LLC, included a Schedule C, which listed a rent roll for three tenants and stated that "[t]here are no leases in effect with the above tenants." Subsequent to the closing on June 27, 2016, the plaintiffs learned for the first time that there were three leases encumbering the property. By summons and complaint dated September 16, 2016, the plaintiffs commenced this action to recover damages for breach of contract and fraudulent inducement, and subsequently moved for an order of attachment (see CPLR 6212). The defendants answered the complaint and opposed the motion. In an order dated February 8, 2017, the Supreme Court granted the plaintiffs' motion to the extent of attaching $65,000 that was being held in escrow by an attorney. The defendants later moved for summary judgment dismissing the complaint. The plaintiffs opposed the motion and cross-moved for summary judgment on the complaint. In an order dated May 24, 2017, the court granted that branch of the defendants' motion which was for summary judgment dismissing the breach of contract cause of action and denied that branch of the defendants' motion which was for summary judgment dismissing the fraudulent inducement cause of action. The court also denied the plaintiffs' [*2]cross motion. The defendants appeal from both orders.
CPLR 6212(a) provides that, on a motion for an order of attachment, "the plaintiff shall show, by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." "Attachment is considered a harsh remedy and CPLR 6201 is strictly construed in favor of those against whom it may be employed" (Grafstein v Schwartz, 100 AD3d 699, 699).
The plaintiffs failed to make an adequate evidentiary showing that each of the defendants is a nondomiciliary residing without the state (see CPLR 6201[1]; see also General Construction Law § 35). Moreover, the plaintiffs' contention that the defendants were attempting to defraud creditors or frustrate enforcement of a possible judgment against them (see CPLR 6201[3]) "was devoid of evidentiary support" (Rothman v Rogers, 221 AD2d 330, 330). "The fact that the affidavits in support of an attachment contain allegations raising a suspicion of an intent to defraud is not enough. It must appear that such fraudulent intent really existed in the defendant's mind" (Computer Strategies v Commodore Bus. Machs., 105 AD2d 167, 173; see Eaton Factors Co. v Double Eagle Corp., 17 AD2d 135; cf. Mineola Ford Sales v Rapp, 242 AD2d 371, 371-372), and "the mere removal, assignment or other disposition of property is not grounds for attachment" (Corsi v Vroman, 37 AD3d 397, 397 [internal quotation marks omitted]; see Deutsch v Grunwald, 165 AD3d 1035, 1036; Laco X-Ray Sys. v Fingerhut, 88 AD2d 425, 429).
Accordingly, the Supreme Court should have denied the plaintiffs' motion for an order of attachment (see CPLR 6212, 6201[1], [3]).
"To state a [cause of action to recover damages] for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury" (Tsinias Enters. Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1273 [internal quotation marks omitted]; see GoSmile, Inc. v Levine, 81 AD3d 77, 81). The plaintiff must also establish that he or she reasonably relied upon the alleged misrepresentation (see Sweeny v Millbrook Cent. Sch. Dist., 130 AD3d 1011, 1012; Blagio Rest., Inc. v C.E. Props., Inc., 127 AD3d 1006, 1008; Urstadt Biddle Props., Inc. v Excelsior Realty Corp., 65 AD3d 1135, 1137). Pursuant to CPLR 3016(b), where the cause of action is grounded in misrepresentation or fraud, the circumstances constituting the wrong shall be stated in detail (see High Tides, LLC v DeMichele, 88 AD3d 954, 957).
"A cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract" (Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 684 [internal quotation marks omitted]). However, "a misrepresentation of material fact, that is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud" (Selinger Enters., Inc. v Cassuto, 50 AD3d 766, 768 [internal quotation marks omitted]). "[A] promise . . . made with a preconceived and undisclosed intention of not performing it . . . constitutes a misrepresentation" (Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954, 956 [internal quotation marks omitted]; see Sabo v Delman, 3 NY2d 155, 160; Neckles Bldrs., Inc. v Turner, 117 AD3d 923, 925; see also Couri v Westchester Country Club, 186 AD2d 712, 714).
In support of that branch of their motion which was for summary judgment dismissing the fraudulent inducement cause of action, the defendants submitted the affidavit of the defendant Michael B. Discenza, who attested that the schedule attached to the contract of sale "truthfully set forth the fact that there were no existing valid leases in effect for any of the tenants at the time of the contract." In opposition, the plaintiffs submitted the affidavit of Natalia Skvortsova, who attested that: the property was affirmatively advertised with no leases; prior to entering into the contract of sale, the plaintiffs were specifically advised that there were no leases in existence; the defendants did not allow the plaintiffs to contact the commercial tenants prior to closing; prior to closing, the plaintiffs conducted a title search which did not reveal the existence of any leases for the commercial tenants; the plaintiffs relied on the representations that the property was free and clear of any leases; [*3]and, after the closing, Michael B. Discenza advised the plaintiffs that there were two leases in existence. The plaintiffs also submitted a copy of the advertisement, as well as the title report that did not reflect any leases.
Based on the foregoing, the defendants were not entitled to summary judgment dismissing the fraudulent inducement cause of action as a matter of law (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d at 956; 260 Mamaroneck Ave., LLC v Guaraglia, 172 AD3d 661, 662; Starr v Akdeniz, 162 AD3d 948; Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d 661, 662). Under the circumstances presented, the plaintiffs' claims are not barred by the general merger clause contained in the contract of sale (see Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d at 956; Cleangen Corp. v Filmax Corp., 3 AD3d 468; cf. Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1007; Lindenwood Dev. Corp. v Levine, 178 AD2d 633).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for summary judgment dismissing the fraudulent inducement cause of action.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court