Cyngiel v Krigsman (2021 NY Slip Op 01391)





Cyngiel v Krigsman


2021 NY Slip Op 01391


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-01498 
2019-09417
 (Index No. 523029/16)

[*1]Mordechai Cyngiel, etc., respondent,
v
Rima Krigsman, etc., et al., appellants.


David A. Robinson, New York, NY, for appellants.
Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig and Dan Blumenthal of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the defendants appeal from (1) an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated January 30, 2019, and (2) an order of the same court dated April 25, 2019. The order dated January 30, 2019, insofar as appealed from, granted the plaintiff's motion for an order of attachment. The order dated April 25, 2019, set the amount of the attachment and bond.
ORDERED that the order dated January 30, 2019, is reversed insofar as appealed from, on the law, the plaintiff's motion for an order of attachment is denied, and the order dated April 25, 2019, is vacated; and it is further,
ORDERED that the appeal from the order dated April 25, 2019, is dismissed as academic in light of our determination on the appeal from the order dated January 30, 2019; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The Supreme Court should have denied the plaintiff's motion for an order of attachment. "In order to be granted an order of attachment under CPLR 6201(3), a plaintiff must demonstrate that the defendant has concealed or is about to conceal property in one or more of several enumerated ways, and has acted or will act with the intent to defraud creditors, or to frustrate the enforcement of a judgment that might be rendered in favor of the plaintiff" (Hume v 1 Prospect Park ALF, LLC, 137 AD3d 1080, 1081 [internal quotation marks omitted]). "Affidavits containing allegations raising a mere suspicion of an intent to defraud are insufficient. It must appear that such fraudulent intent really existed in the defendant's mind" (Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., 118 AD2d 769, 773 [internal quotation marks omitted]). The "mere removal, assignment or other disposition of property is not grounds for attachment" (Corsi v Vroman, 37 AD3d 397, 397 [internal quotation marks omitted]). Here, the plaintiff made no showing of any conduct that would satisfy the requirements of CPLR 6201(3).
In light of our determination, we need not reach the defendants' remaining [*2]contentions.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court