Metropolitan Partners Group Admin., LLC v Nerney (2025 NY Slip Op 03532)

Metropolitan Partners Group Admin., LLC v Nerney

2025 NY Slip Op 03532

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 650013/25|Appeal No. 4273-4273A|Case No. 2025-00907|

[*1]Metropolitan Partners Group Administration, LLC et al., Plaintiffs-Appellants-Respondents,
v
Brian Nerney et al., Defendants-Respondents, Schweizer RSG, LLC et al., Defendants-Respondents-Appellants.

GordonLaw LLP, Katonah (Michael R. Gordon of counsel), for appellants-respondents.
Grant Herrmann Schwartz & Klinger LLP, New York (Michael P. Richter of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered February 14, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to confirm anex parteattachment order as against defendants Brian Nerney and David Horton (the guarantor defendants) and Rotorcraft Services Group, Inc., RSG Aviation, Inc., RSG Aerodesign, Inc., and RSG Products, Inc. (the RSG defendants), and granted defendants' motion to vacate it, unanimously affirmed, without costs. Appeal by defendants Schweizer RSG, LLC (Schweizer) and RSG Schweizer Investors, LLC (together, the Schweizer defendants) from aforesaid order, unanimously dismissed, without costs, as abandoned.
This dispute arises from a $20 million loan from plaintiffs to the Schweizer defendants, and plaintiffs' pursuit of an attachment against the remaining defendants to ensure its recovery on any future judgment.
The court providently exercised its discretion in vacating the ex parte attachment order and in declining to confirm it (see VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 59 [1st Dept 2013]). Plaintiffs failed to "demonstrate an identifiable risk" that defendants "will not be able to satisfy [a] judgment" (id. at 60). Furthermore, merely because defendants are nondomiciliaries "residing without the State of New York is not [a] sufficient ground for granting an attachment" (TAGC Mgt., LLC v Lehman, 842 F Supp 2d 575, 586 [SD NY 2012]).
Plaintiffs have already installed a "receiver" in the Schweizer defendants, which undermines their ability to show a need for continuing the attachment against the guarantor defendants or the RSG defendants (see e.g. J.V.W. Inv. Ltd. v Kelleher, 41 AD3d 233, 234 [1st Dept 2007]). Notably, plaintiffs do not seek to have the attachment continued against the Schweizer defendants, even though it is those entities that signed the relevant loan documents, i.e., a credit agreement and promissory notes.
In addition, plaintiffs have not established a likelihood of success on the merits with respect to the guarantor defendants or the RSG defendants (see CPLR 6212[a]). The guaranties signed by the guarantor defendants were limited, and provided that they were simply to "indemnify" plaintiffs for any damages that they might sustain as the result of an improper transfer. It is uncontested that the identified funds transferred out of Schweizer were promptly returned, and thus there is nothing to indemnify. Regardless, at most, there are factual issues surrounding whether these transfers were legitimate business loans. Accordingly, plaintiffs have not submitted conclusive evidence that any breach of the guaranties occurred.
Plaintiffs also rely on threadbare alter ego allegations as set forth in its original complaint in support of its argument that it can reach the RSG defendants (and sustain the pre-judgment attachment order against them), which are not sufficient. CPLR 6212(a) requires that an attachment [*2]be based upon an "affidavit and such other written evidence as may be submitted." The allegations in plaintiffs' outdated complaint are largely contradicted by the affirmations submitted by defendants and are not bolstered by the cursory affirmations that plaintiffs submitted in support of their motion.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025