SAMCOM 48 (DE), LLC v 37-10 114th St. ML Funding, LLC (2026 NY Slip Op 00392)

SAMCOM 48 (DE), LLC v 37-10 114th St. ML Funding, LLC

2026 NY Slip Op 00392

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-08683
2023-09768
 (Index No. 723742/21)

[*1]SAMCOM 48 (DE), LLC, et al., respondents,
v37-10 114th Street ML Funding, LLC, appellant.

The Klein Law Group CRE, PLLC, New York, NY (Edward E. Klein, Efrem Z. Fischer, and Solomon Jaskiel of counsel), for appellant.
The Scher Law Firm, LLP, Garden City, NY (Austin Graff of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for the failure to conduct the sale of collateral in a commercially reasonable manner, the defendant appeals from (1) an order of the Supreme Court, Queens County (Joseph Risi, J.), entered July 24, 2023, and (2) an order of the same court entered September 11, 2023. The order entered July 24, 2023, granted the plaintiffs' motion for an order of attachment. The order entered September 11, 2023, granted the same relief to the plaintiffs, directed that the net proceeds from the sale of certain real property be deposited into an escrow account of the defendant's counsel, and directed the plaintiffs to post an undertaking in the amount of only $1,000,000.
ORDERED that the appeal from the order entered July 24, 2023, is dismissed, as that order was superseded by the order entered September 11, 2023; and it is further,
ORDERED that the order entered September 11, 2023, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In October 2018, the defendant, 37-10 114th Street ML Funding, LLC, and the plaintiff Chatus Mezz (DE), LLC (hereinafter Chatus), entered into a mezzanine loan agreement, in which the defendant loaned Chatus the sum of $6,000,000. Along with the loan agreement, Chatus and the defendant entered into a pledge and security agreement, whereby Chatus pledged 100% of its membership interest in the plaintiff SAMCOM 48 (DE), LLC (hereinafter SAMCOM), as collateral to the defendant for the loan. SAMCOM was the title owner of certain real property located in Corona (hereinafter the property). The plaintiffs Ai Yun Chen and Wendy Chau were the members of Chatus and the guarantors of the loan. Chatus then defaulted on the loan. In June 2021, the defendant held an auction of the collateral, at which the defendant was the highest bidder, with a bid in the amount of $500,000.
In October 2021, SAMCOM, Chatus, Chen, and Chau commenced this action against the defendant. The amended complaint, inter alia, alleged that pursuant to UCC 9-625(b) and 9-[*2]615(f), the defendant's foreclosure sale of the collateral was not conducted in a commercially reasonable manner and that the plaintiffs were entitled to surplus proceeds from the sale of the collateral.
On December 27, 2022, the plaintiffs moved for an order of attachment, seeking to restrain and enjoin the net proceeds from the defendant's expected sale of the property. On December 28, 2022, the Supreme Court issued a temporary restraining order directing that, pending further order of the court, the net proceeds from the sale of the property were to be deposited into an escrow account of the defendant's attorneys. Shortly thereafter, the defendant sold the property for the sum of $50 million.
In an order entered July 24, 2023, the Supreme Court granted the plaintiffs' motion for an order of attachment against the net proceeds from the sale of the property. In an order entered September 11, 2023, the court granted the same relief to the plaintiffs, directed that the net proceeds from the sale of the property be deposited into an escrow account of the defendant's counsel, and directed the plaintiffs to post an undertaking in the amount of $1,000,000. The defendant appeals.
"Attachment is a provisional remedy designed to secure a debt by preliminary levy upon the property of the debtor to conserve it for eventual execution, and the courts have strictly construed the attachment statute in favor of those against whom it may be employed" (Hume v 1 Prospect Park ALF, LLC, 137 AD3d 1080, 1081; see 651 Bay St., LLC v Discenza, 189 AD3d 952, 953). Pursuant to CPLR 6201(3), an order of attachment may be granted where "the defendant, with intent to defraud his [or her] creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." In addition, a plaintiff must also demonstrate a probability of success on the merits (see id. § 6212[a]; 651 Bay St., LLC v Discenza, 189 AD3d at 953).
Here, the plaintiffs established conduct that satisfied the requirements of CPLR 6201(3) (see Cyngiel v Krigsman, 192 AD3d 762, 763; 651 Bay St., LLC v Discenza, 189 AD3d at 953) and sufficiently demonstrated a probability of success on the merits (see UCC 9-611[b], [c]; 9-613[a], [c]; Bethel Springvale Nursing Home, Inc. v Gleason, 218 AD3d 724, 726; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 407). Accordingly, the Supreme Court properly granted the plaintiffs' motion for an order of attachment against the net proceeds of the sale of the property (see Hume v 1 Prospect Park ALF, LLC, 137 AD3d at 1081).
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in directing the plaintiffs to post an undertaking in the sum of only $1,000,000 (see CPLR 6212[b]).
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court