Bernstein v Bernstein (2026 NY Slip Op 01333)

Bernstein v Bernstein

2026 NY Slip Op 01333

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-11422
 (Index No. 33601/23)

[*1]Susan Bernstein, etc., respondent,
vIra Bernstein, appellant, et al., defendants.

Barry D. Haberman, New City, NY, for appellant.
Alan B. Brill and Associates, LLC, New City, NY (Bianca C. Vargas Baez of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for intentional infliction of emotional distress, the defendant Ira Bernstein appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated September 24, 2024. The order, after a hearing, granted the plaintiff's motion, among other things, for an order of attachment and directed the plaintiff to post an undertaking in the amount of only $500.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendant Ira Bernstein (hereinafter the defendant), who have three children together, were married in August 2001. Following the commencement of an action for a divorce in 2014 (hereinafter the first divorce action), a postnuptial agreement, the discontinuance of the first divorce action, and the commencement of a second action for a divorce in 2016 (hereinafter the second divorce action), the defendant, who allegedly attempted to have the plaintiff killed, entered a plea of guilty in January 2017 to conspiracy in the second degree. In the second divorce action, a receiver and a successor receiver were appointed. According to the plaintiff, the successor receiver retained approximately $107,000 in connection with the receivership.
In February 2017, the plaintiff, individually and on behalf of the parties' children, commenced an action against the defendant, inter alia, to recover damages for intentional infliction of emotional distress (hereinafter the 2017 action). The parties settled the 2017 action upon the defendant's agreement to make a payment to the plaintiff in the sum of $300,000.
In March 2022, the defendant allegedly solicited and attempted to conspire with another individual to plant illegal substances in the plaintiff's car so that the plaintiff would be arrested. In July 2022, the defendant allegedly solicited and conspired with the same individual to have the plaintiff killed. In June 2023, the defendant was indicted for criminal solicitation in the second degree, tampering with evidence, criminal solicitation in the fourth degree, and conspiracy in the fifth degree. The plaintiff, individually and on behalf of the children, commenced this action, among other things, to recover damages for intentional infliction of emotional distress.
In December 2023, the plaintiff moved, inter alia, for an order of attachment to sequester the funds retained by the successor receiver. In an order dated September 24, 2024, the Supreme Court, after a hearing, granted the plaintiff's motion and directed the plaintiff to post an [*2]undertaking in the amount of $500. The defendant appeals.
"Attachment is a provisional remedy designed to secure a debt by preliminary levy upon the property of the debtor to conserve it for eventual execution, and the courts have strictly construed the attachment statute in favor of those against whom it may be employed" (Hume v 1 Prospect Park ALF, LLC, 137 AD3d 1080, 1081; see 651 Bay St., LLC v Discenza, 189 AD3d 952, 953). Pursuant to CPLR 6201(1), "[a]n order of attachment may be granted in any action . . . where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment . . . when: . . . the defendant is a nondomiciliary residing without the state." In order to obtain an order of attachment, "the plaintiff shall show, by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in [CPLR] 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff" (id. § 6212[a]).
Here, contrary to the defendant's contention, the plaintiff met her burden of satisfying the requirements of CPLR 6201(1) and 6212(a) by demonstrating that the defendant was an out-of-state domiciliary and that it was probable that the plaintiff would succeed on the merits of her claims against the defendant (see Banschick v Johnson, 222 AD3d 608, 610; Kaul v Brooklyn Friends Sch., 220 AD3d 936, 939; Davydov v Youssefi, 205 AD3d 881, 883). Accordingly, the Supreme Court properly granted the plaintiff's motion, among other things, for an order of attachment.
Further, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in directing the plaintiff to post an undertaking in the amount of $500 (see CPLR 6212[b]).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court