[771 NYS2d 687]

In the Matter of ARLENE M. LACEY (Admitted as ARLENE MARIA LACEY), an Attorney, Resignor.

Second Department, February 17, 2004

**APPEARANCES OF COUNSEL**

*Arlene M. Lacey*, Port Jefferson, resignor pro se.

*Robert P. Guido*, Syosset (*Mary J. Lieblang* of counsel), for Grievance Committee for Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Arlene M. Lacey has submitted an affidavit dated July 31, 2003, wherein she tenders her resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Ms. Lacey was admitted to the bar by the Appellate Division of the Supreme Court in the Second Judicial Department on January 5, 1994, under the name Arlene Maria Lacey.

Ms. Lacey has been informed by the Grievance Committee that its ongoing investigation has adduced evidence of professional misconduct on her part. On the basis of that evidence, the Grievance Committee would recommend that the Court authorize it to institute a disciplinary proceeding against Ms. Lacey. The charges include allegations that between approximately June 2002 through March 2003 Ms. Lacey was entrusted with client funds to be held in escrow in connection with real estate transactions. During that time, Ms. Lacey failed in her obligation to properly maintain and preserve at least $20,000 of escrow funds by converting them and otherwise misappropriating them. The Grievance Committee discovered the conversion and other misconduct during its investigation of two sua sponte complaints based upon a dishonored check notification from the Lawyers' Fund for Client Protection and an additional complaint involving Ms. Lacey's failure to timely refund a potential buyer's down payment from her escrow account after a failed real estate transaction.

Ms. Lacey acknowledges that she cannot defend herself on the merits against any disciplinary charges which would be initiated against her by the Grievance Committee based upon the aforesaid professional misconduct. She avers that her resignation is freely and voluntarily tendered and that she has not been subjected to coercion or duress by anyone.

Ms. Lacey has discussed her decision to resign with persons whose advice and counsel she respects. She is fully aware of the implications of submitting a resignation, including the fact that she is barred by Judiciary Law § 90 and the Court rules from seeking reinstatement as an attorney for at least seven years. Her resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that she make restitution and reimburse the Lawyers' Fund, pursuant to Judiciary Law § 90 (6-a). Ms. Lacey acknowledges the continuing jurisdiction of the Court to make such an order and specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept the proffered resignation. Inasmuch as it comports with all ap-

propriate Court rules, the resignation is accepted, effective immediately, Arlene M. Lacey is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Arlene M. Lacey is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arlene M. Lacey is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Arlene M. Lacey shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Arlene M. Lacey is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.