■ ABACUS FEDERAL SAVINGS BANK, Appellant, v CAROL JOHN MEE LIM et al., Defendants, and ZHONG GUI MO, Respondent. [778 NYS2d 145]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 14, 2003, which, to the extent appealable, denied plaintiff's motion to renew a prior motion, unanimously reversed, on the law and the facts, without costs, the motion to renew granted, and, upon renewal, the prior denial of plaintiff's underlying motion for injunctive and discovery relief adhered to. Appeals from the earlier decision and order, same court and Justice, both entered August 5, 2003, which, to the extent appealed from, denied plaintiff's motion for a preliminary injunction, information subpoena, restraining notices and expedited discovery, unanimously dismissed, without costs, as academic.

A preliminary injunction requires a showing of probability of success, danger of irreparable injury in the absence of an injunction, and a balance of the equities in the plaintiff's favor (*Aetna Ins. Co. v Capasso*, 75 NY2d 860 [1990]). Attachment further requires a demonstration that the defendant has concealed or is about to conceal property with the intent to defraud creditors or to frustrate the enforcement of a judgment (CPLR 6201). However, removal, assignment or other disposition of property is not a sufficient ground for attachment; fraudulent intent must be proven, not simply alleged or inferred, and the facts relied upon to prove it must be fully set forth in the moving affidavits (*Eaton Factors Co. v Double Eagle Corp.*, 17 AD2d 135 [1962]).

Plaintiff failed to demonstrate adequately defendant Zhong Gui Mo's personal involvement in the embezzlement by his wife, defendant bank employee Carol John Mee Lim, of approximately $6 million from plaintiff and its customers. Even though plaintiff submitted checks allegedly signed by Zhong Gui Mo and drawn on his account, which were used to carry out the embezzlement scheme, plaintiff has failed to prove that the checks contained his signature or that he knowingly benefitted from the scheme. Furthermore, although the embezzler has fled the country and is now a fugitive, Zhong Gui Mo has remained here and has made no attempt to flee or to fraudulently convey his property.

Plaintiff continued its investigation into Carol John Mee Lim's embezzlement scheme after it filed the initial complaint and moved for an order of attachment and other provisional remedies. This continuing investigation led to the filing of an

amended complaint as well as a motion to renew and/or reargue the initial motion. It is apparent, from review of the papers, that this motion was, in fact, one to renew, since plaintiff sought to provide additional information allegedly not in its possession at the time of the original motion or the filing of the initial complaint. Unlike an order denying reargument, an order denying a motion to renew is appealable (CPLR 5701 [a] [2] [viii]).

While a vast portion of the investigation involved review of its own accounts and related paperwork, plaintiff also investigated defendants' real estate holdings and bank accounts, information which it did not and could not have known about at the time the initial motion was filed. Moreover, plaintiff was initially unaware of the extent of the elaborate embezzlement scheme, whereby Carol John Mee Lim took deposits from bank customers in return for receipts, but did not keep a record of deposits she made, and instead kept the money for herself. Given the continuing investigation over the course of several months, the motion to renew should have been granted and the new information reviewed by the court. However, a review of the data submitted on renewal leads to the conclusion that plaintiff has still failed to demonstrate that Zhong Gui Mo was attempting to conceal his own assets for the purpose of avoiding a money judgment in the future. Accordingly, upon renewal, we conclude that the court's original determination should be adhered to. Concur—Nardelli, J.P., Andrias, Ellerin and Gonzalez, JJ.