■ Best Price Jewelers.com, Inc., Appellant, et al., Plaintiff, v Internet Data Storage & Systems, Inc., et al., Respondents. [857 NYS2d 731]—

In a consolidated action, inter alia, to recover damages for breach of contract, the plaintiff Best Price Jewelers.Com, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 12, 2007, as granted that branch of the defendants' motion which was to consolidate the action entitled *Best Price Jewelers.Com, Inc. v Internet Data Storage & Systems, Inc.*, under index No. 20200/05 with the action entitled *Agostino v Internet Data Storage & Systems, Inc.*, under index No. 21584/05, pursuant to CPLR 602.

Ordered that the order is affirmed insofar as appealed from, with costs.

Consolidation is addressed to the sound discretion of the trial court and, absent a showing of substantial prejudice by the party opposing the same, is proper where there are common questions of law and fact (*see* CPLR 602 [a]; *Beerman v Morhaim*, 17 AD3d 302 [2005]; *Flaherty v RCP Assoc.*, 208 AD2d 496, 498 [1994]; *Stephens v Allstate Ins. Co.*, 185 AD2d 338 [1992]; *Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]). Further, consolidation is appropriate where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts (*see Zupich v Flushing Hosp. & Med. Ctr.*, 156 AD2d 677 [1989]).

The Supreme Court did not improvidently exercise its discretion in granting that branch of the defendants' motion which was to consolidate the two actions. The evidence and testimony in both actions involve the same essential facts and transactions between the parties, and will require the determination of common issues. Moreover, neither plaintiff demonstrated any prejudice that might result from consolidation. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.