■ AFERDITA OBOKU et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and BRIMILY TRANSPORTATION NY, INC., et al., Appellants. [35 NYS3d 710]—

In a consolidated action to recover damages for personal injuries, the defendants Brimily Transportation NY, Inc., and Ying Wei Lin appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Green, J.), dated October 14, 2015, as denied those branches of their unopposed motion which were pursuant to CPLR 602 to join for trial this action with an action entitled *Molina v Wei Lin Ying*, commenced in the Supreme Court, Kings County, under index No. 503738/15, and an action entitled *GEICO Gen. Ins. Co. v Brimily Transp. NY, Inc.*, commenced in the Civil Court, Queens County, under index No. 25819/14, and to place venue of the joint trial in Richmond County.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, those branches of the motion of the defendants Brimily Transportation NY, Inc., and Ying Wei Lin which were pursuant to CPLR 602 to join for trial this action with an action entitled *Molina v Wei Lin Ying*, commenced in the Supreme Court, Kings County, under index No. 503738/15, and an action entitled *GEICO Gen. Ins. Co. v Brimily Transp. NY, Inc.*,

commenced in the Civil Court, Queens County, under index No. 25819/14, and to place venue of the joint trial in Richmond County are granted, the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Richmond County, all papers filed in the action entitled *Molina v Wei Lin Ying*, commenced in the Supreme Court, Kings County, under index No. 503738/15, and certified copies of all minutes and entries, and the Clerk of the Civil Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Richmond County, all papers filed in the action entitled *GEICO Gen. Ins. Co. v Brimily Transp. NY, Inc.*, commenced in the Civil Court, Queens County, under index No. 25819/14, and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff Aferdita Oboku commenced this action in the Supreme Court, Richmond County, against, among others, the defendants Brimily Transportation NY, Inc., and Ying Wei Lin (hereinafter together the appellants) to recover damages for personal injuries she allegedly sustained as a result of a motor vehicle accident. The appellants moved pursuant to CPLR 602 to join for trial this action with two actions also commenced in the Supreme Court, Richmond County, an action commenced in the Supreme Court, Kings County, and an action commenced in the Civil Court, Queens County, all of which arose from the same motor vehicle accident, and to place venue of the joint trial in Richmond County. The Supreme Court granted the appellants' unopposed motion to the extent that it consolidated the three actions commenced in Richmond County. The appellants appeal from so much of the order as denied those branches of its motion which were to join for trial this consolidated action with the actions commenced in Kings County and Queens County, and to place venue of the joint trial in Richmond County.

Where common questions of law or fact exist, a motion to consolidate or join for trial pursuant to CPLR 602 should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (*see Cieza v 20th Ave. Realty, Inc.*, 109 AD3d 506 [2013]; *Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]; *Kally v Mount Sinai Hosp.*, 44 AD3d 1010 [2007]). Here, the three subject actions all involve common questions of law and fact, and a joint trial will avoid unnecessary duplication of proceedings, save unnecessary costs and expenses, and prevent the injustice that would result from divergent decisions based on the same facts (*see Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d 540 [2007]; *Gutman v Klein*, 26 AD3d 464, 465 [2006]). Furthermore, there was no opposi-

tion to the appellants' motion, and there is no demonstrable prejudice to a substantial right of any party if a joint trial is held in Richmond County (*see Mas-Edwards v Ultimate Servs., Inc.*, 45 AD3d at 540-541).

Moreover, in the absence of special circumstances, where the actions have been commenced in different counties, venue should be placed in the county having jurisdiction over the action commenced first (*see Whiteman v Parsons Transp. Group of N.Y., Inc.*, 72 AD3d 677, 678 [2010]; *Almoghazy v Gonzalez*, 233 AD2d 349, 350 [1996]; *Levertov v Congregation Yetev Lev D'Satmar*, 129 AD2d 680 [1987]; *T T Enters. v Gralnick*, 127 AD2d 651, 652 [1987]). Since venue properly lies in Richmond County with respect to this action, the first of the three subject actions to be commenced, venue of the action commenced in the Supreme Court, Kings County, and venue of the action commenced in the Civil Court, Queens County, should have been transferred to Richmond County.

Accordingly, those branches of the appellants' unopposed motion which were to join for trial these three actions and to place venue of the joint trial in Richmond County should have been granted. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.