■ JACKIE MOSES, Respondent, v B & E LORGE FAMILY TRUST et al., Appellants. [48 NYS3d 427]—

In an action to recover damages for personal injuries, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated May 28, 2015, as denied their motion to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination, and (2) from an order of the same court, also dated May 28, 2015, which denied their unopposed motion to consolidate the instant action with an action entitled *Moses v Clean Rite Ctrs., LLC*, pending in the same court under Index No. 16445/14.

Ordered that the first order dated May 28, 2015, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the defendants' motion to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination is granted; and it is further,

Ordered that the second order dated May 28, 2015, is reversed, on the facts and in the exercise of discretion, the defendants' motion to consolidate the instant action with an ac-

tion entitled *Moses v Clean Rite Ctrs., LLC*, pending in the Supreme Court, Kings County, under Index No. 16445/14, is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings, including amendment of the caption to reflect the consolidation; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff allegedly fell and sustained injuries as a result of a defective flooring condition while working as an overnight maintenance man at a laundromat in Brooklyn. He commenced the instant action in the Supreme Court, Kings County, to recover damages for personal injuries against the owner of the premises, the defendant B & E Lorge Family Trust, as successor in interest to Bernd Lorge & Evelyn Lorge, and the holder of a lease for the premises, the defendant Clean Rite Centers - Flatbush Avenue, LLC (hereinafter CRC-Flatbush). During the course of discovery, the plaintiff ascertained that nonparty Clean Rite Centers, LLC, was the parent company of CRC-Flatbush, and commenced a second action in the Supreme Court, Kings County, against Clean Rite Centers, LLC, to recover damages for the injuries he allegedly sustained as a result of the accident.

Just two weeks after the note of issue and certificate of readiness were filed in the instant action, the defendants moved to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination, contending that discovery was incomplete because such an examination had not been conducted. The defendants also separately moved to consolidate the instant action with the second action. Although the plaintiff opposed the motion strike the note of issue and certificate of readiness and to compel him to appear for an independent medical examination, he did not oppose the separate motion to consolidate. The Supreme Court, in separate orders, denied both motions, and the defendants appeal.

The Supreme Court should have granted the defendants' motion to strike the note of issue and certificate of readiness and to compel the plaintiff to appear for an independent medical examination (*see Rivera-Martinez v New York City Tr. Auth.*, 114 AD3d 654, 655 [2014]; *Gallo v SCG Select Carrier Group, L.P.*, 91 AD3d 714, 714 [2012]). "While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]; *see Colandrea v Choku*, 94 AD3d 1034, 1036 [2012]). Under the

circumstances of this case, including the defendants' prompt motion to strike the note of issue and certificate of readiness on the ground that discovery was incomplete, and the plaintiff's failure to demonstrate any prejudice in opposition, the note of issue and certificate of readiness should be stricken, and the plaintiff compelled to appear for an independent medical examination so that discovery may be completed.

"Where common questions of law or fact exist, a motion to consolidate or join for trial pursuant to CPLR 602 should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (*Oboku v New York City Tr. Auth.*, 141 AD3d 708, 709 [2016]; *see Lansky v Bate*, 132 AD3d 737, 738 [2015]; *Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc.*, 51 AD3d 839, 839 [2008]). "Further, consolidation is appropriate where it will avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts" (*Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc.*, 51 AD3d at 839; *see Cieza v 20th Ave. Realty, Inc.*, 109 AD3d 506 [2013]).

Here, both actions arise from the same transaction, concern the same parties, and involve common questions of law and fact (*see Scotto v Kodsi*, 102 AD3d 947, 948 [2013]). Thus, consolidation would serve the interest of justice and judicial economy, and avoid the potential for inconsistent verdicts (*see Lecorps v Bromberg*, 127 AD3d 931, 932 [2015]; *Cieza v 20th Ave. Realty, Inc.*, 109 AD3d at 506-507). Furthermore, since the plaintiff did not oppose the defendants' motion to consolidate, he failed to show that consolidation would result in prejudice to a substantial right (*see Oboku v New York City Tr. Auth.*, 141 AD3d at 709; *Scotto v Kodsi*, 102 AD3d at 948). Accordingly, the Supreme Court should have granted the defendants' motion to consolidate the instant action with the second action. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.