**David v Arbie Processing, LLC**

2024 NY Slip Op 30476(U)

February 13, 2024

Supreme Court, Kings County

Docket Number: Index No. 517803/2023

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
------------------------------------------x
SNIR DAVID,

                          Plaintiff,          Decision and order

        - against -                           Index No. 517803/2023

ARBIE PROCESSING, LLC, RON BOROVINSKY
and ELIZABETH BOROVINSK,

                          Defendants,         February 13, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                  Motion Seq. #2


The defendant has moved pursuant to CPLR §602 seeking to consolidate this matter with seven related matters, namely *Snir David v. 1250 Jefferson Management LLC, et al.*, Index No. 532287/2023, *Snir David v. Elizabeth Borovinsky, et al.*, Index No. 532368/2023, *Snir David v. Elizabeth Borovinsky, et al.*, Index No. 532375/2023, *Snir David v. Arbie Processing LLC, et al.*, located in Nassau County Index No. 609726/2023, *Snir David v. Elizabeth Borovinsky, et al.*, located in Nassau County, Index No. 618010/2023, *Snir David v. ROV 22 Equities, LLC, et al.*, located in Queens County, Index No. 723591/2023 and *Snir David v. 10953 109 Street Holdings LLC, et al.*, located in Queens County, Index No. 723594/2023. The plaintiff opposes the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

In this action the plaintiff has sued seeking to enforce repayment of a loan made to defendant Arbie Processing LLC in 2018. The other seven actions all involve the same loan but concern different properties purchased by defendant Arbie and defendant

Borovinsky upon which the plaintiff has filed notices of pendency. This motion for consolidation has now been filed.


## Conclusions of Law

It is well settled that when two or more cases represent common questions of law or fact then there should be a consolidation (Moses v. B & E Lorge Familt Trust, 147 AD3d 1043, 48 NYS3d 427 [2d Dept., 2017]). A party objecting to the consolidation has the burden of demonstrating prejudice which harms a substantial right (Oboku v. New York City Transit Authority, 141 AD3d 708, 35 NYS3d 710 [2d Dept., 2016]).

In this case the eight lawsuits clearly concern the same questions of law and fact, namely a loan made and allegedly never repaid. The plaintiff asserts that "although the actions Defendants are seeking to consolidate concern the same Agreement, the Defendants purchased the properties in the names of independent companies rather than in the name of ARBIE despite RON and ARBIE attaching a list of properties to the aforesaid agreement and holding them out as being owned by ARBIE" (see, Affirmation in Opposition, ¶12 [NYSCEF Doc. No. 27]). However, even if that is true that does not explain why all these matters cannot be decided within one lawsuit. This is especially true considering they all concern the same underlying facts. Further, it is true that denying consolidation based upon the different states of the

2

[*2]

respective cases and hence expediting the trial ready case has been held proper (see, Abrams v. Port Authority Trans-Hudson Corp., 1 AD3d 118, 766 NYS2d 429 [1st Dept., 2003]). However, these cases are all essentially at the same early stages of discovery and no prejudice or harm could possibly result if consolidation is granted. Therefore, based on the foregoing, the motion seeking consolidation is granted.

Next, the defendants move seeking to dismiss the seven lawsuits on the grounds they are duplicative of the current lawsuit. The agreement entered between the parties states that Arbie specialized in rehabilitating and selling distressed real estate and that the funds invested would be used in "individual projects" (see, Passive Investment Opportunity: Scope of Investment [NYSCEF Doc. No. 16]). Thus, while the actual properties were not defined in the agreement, clearly, multiple properties were contemplated. At this stage of the litigation, without any discovery, the restraints placed upon properties owned by Arbie is proper. Thus, the consolidated action has combined all the claims in this lawsuit, however, the propriety of the notices of pendency filed against all the properties will not be disturbed at this juncture. Thus, the motion seeking to dismiss those lawsuits is denied at this time.

The motion seeking to cancel the notice of pendency regarding 27 Lakeville Drive, East Hills, New York is granted.

3

[* 3]

Turning to the motion seeking to dismiss the individual defendants Ron and Elizabeth Borvinsky, to succeed on a request to pierce the corporate veil the plaintiff must demonstrate that "(1) the owners exercised complete dominion of the corporation in respect to the transaction attacked; and (2) that such dominion was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Conason v. Megan Holding LLC, 25 NY3d 1, 6 NYS3d 206 [2015]). As the Court of Appeals observed, at the pleading stage "a plaintiff must do more than merely allege that [defendant] engaged in improper acts or acted in 'bad faith' while representing the corporation" (East Hampton Union Free School District v. Sandpebble Builders Inc., 16 NY3d 775, 919 NYS2d 496 [2011]). Rather, the plaintiff must allege facts demonstrating such dominion over the corporation and that "through such domination, abused the privilege of doing business in the corporate form to perpetuate a wrong or injustice against the plaintiff such that a court in equity will intervene" (Oliveri Construction Corp., v. WN weaver Street LLC, 144 AD3d 765, 41 NYS3d 59 [2d Dept., 2016]). "Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to [corporate or] LLC formalities, inadequate capitalization, commingling of assets, and the personal use of [corporate or] LLC funds" (see, Grammas v. Lockwood Associates LLC, 95 AD3d 1073, 944 NYS2d 623 [2d

[*4]

Dept., 2012]). Thus, mere conclusory statements that the individual dominated the corporation are insufficient to defeat a motion to dismiss (AHA Sales Inc., v. Creative Bath Products Inc., 58 AD3d 6, 867 NYS2d 169 [2d Dept., 2008]).

In this case there is no evidence presented at all demonstrating either defendant acted in ways in which the corporate veil can be pierced. Therefore, the motion seeking to dismiss the individual defendants is granted.

The plaintiff has filed motions in the other actions seeking pre-judgement attachment that will now be addressed.

It is well settled that a party seeking pre-judgment attachment must demonstrate, "by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that plaintiff will succeed on the merits, that one or more grounds for attachment provided in CPLR §6201 exist and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff" (Elliot Associates L.P., v. Republic of Peru, 948 F.Supp 1203 [S.D.N.Y. 1996]). The basis for the attachment is to provide security to insure the enforcement of any money judgement (see, Hotel 71 Mezz Lender LLC v. Falor, 14 NY3d 303, 900 NYS2d 698 [2010]).

CPLR §6201 provides five distinct grounds permitting the attachment of property in an action where the party would be entitled to a money judgement. The plaintiff is seeking the

5

[*5]

attachment on one ground, namely that "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgement that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts (see, CPLR §6201(3)).

Attachment is a drastic remedy which should be construed narrowly in favor of the party against whom it is sought (Michaels Electrical Supply Corp., v. Trott Electric Inc., 231 AD2d 695, 647 NYS2d 839 [2d Dept., 1996]). Thus, to succeed upon the attachment request it must be demonstrated the defendant acted with the intent to frustrate the enforcement of a judgement (Abacus Federal Savings Bank v. Lim, 8 AD3d 12, 778 NYS2d 145 [1st Dept., 2004]). The disposition of the property without the requisite intent is an insufficient basis upon which to attach property (Sylmark Holdings Ltd. v. Silicone Zone Intern. Ltd., 5 Misc3d 285, 783 NYS2d 758 [Supreme Court New York County 2004]).

Thus, the plaintiff must demonstrate the defendants intentionally sought to frustrate the enforcement of a judgement by disposing of its assets (Silverman v. Miranda, 116 F.Supp3d 289 [S.D.N.Y. 2015]).

The plaintiff does not present any evidence supporting the contention the property has been disposed of to frustrate a potential judgement. The plaintiff essentially argues that of

6

[* 6]

course the defendants intention is to frustrate any judgement, since why else would the property be so disposed. However, that circular argument lacks any evidence supporting the allegation. Essentially, that argument boils down to the fact that since property has been removed an attachment is proper. As already noted the mere removal of assets is not grounds for an attachment (Corsi v. Vroman, 37 AD3d 397, 829 NYS2d 234 [2d Dept. 2007]). To support a request for attachment the plaintiff must present evidentiary facts and circumstances tending to establish a probability that such intent exists (Rosenthal v. Rochester Button Company Inc., 148 AD2d 375 539 NYS2d 11 [1st Dept., 1989]). This means there must be evidence that fraudulent or improper intent existed in the mind of the defendants (DLJ Mortgage Capital Inc., v. Kontogiannis, 594 F.Supp2d 308 [E.D.N.Y. 2009]). To be sure, since fraudulent or improper intent is difficult to prove courts have developed 'badges of fraud' which can give rise to intent. Although the stated basis for the attachment in this case is the frustration of a judgement, the analysis is the same as fraud. Such badges of fraud include gross inadequacy of consideration, a close relationship between transferor and transferee, the transferor's insolvency as a result of the conveyance, a questionable transfer not in the ordinary course of business, secrecy in the transfer and retention of control of the property by the transferor after the conveyance (see, In re Kaiser, 722 F2d

7

[*7]

1574 [2d Cir. 1983]).

As noted, the plaintiff does not support these allegations of frustration of judgement with any evidentiary facts at all. The plaintiff merely seeks to secure funds in case they secure a judgement. Where no evidence supporting the allegation has been presented then attachment is not proper (Singapore Tong PTE Ltd., v. Corrado Coppola, 2004 WL 1936296 [E.D.N.Y. 2004]).

Therefore, based on the foregoing, the motion seeking attachment of any of the subject properties is denied. Further, the plaintiff's motion seeking to amend the complaint is denied to the extent none of the causes of action may involve any dismissed party or attachment. The remainder of the request to amend the complaint, if any, is granted.

So ordered.

ENTER:

DATED: February 13, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

8