| |
|---|
| **Pfanner v Anderson** |
| 2024 NY Slip Op 34007(U) |
| November 12, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509781/2024 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
ANDREAS PFANNER, POK MILL, LLC, and
POK1-3 GRAND LLC,

                                Plaintiff,          Decision and order

            - against -                         Index No. 509781/2024

ERIC GUSTAVE ANDERSON, URBAN GREEN
EQUITIES, LLC, POK MILL HOUSING
DEVELOPMENT FUND CORPORATION, POK 325
MAIN LLC, WALLACE CAMPUS MANAGER LLC,
                                Defendants,          November 12, 2024
------------------------------------------x
ERIC G. ANDERSON, individually and as the
Winding-Up Partner of the PFANNER/ANDERSON
GENERAL PARTNERSHIP,
                                Counter-Plaintiffs,
                -against-

ANDREAS PFANNER,
                                Counter-Defendant,
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN          Motion Seq. #12 and #15


        The defendant/counterclaim plaintiff Eric Anderson has moved

seeking to conditionally dismiss plaintiff's claims until he appears for

a deposition.  Further, the movant also seeks to consolidate this action

with three other actions, namely Pfanner v. Anderson, Index No.

509789/2024, Anderson o/b/o Partnership v. Pfanner, Index No.

518712/2024, and POK Mill LLC v. Pfanner, Index No. 519488/2024.  The

plaintiff has opposed the motions.  Papers were submitted by the parties

after reviewing all the arguments this court now makes the following

determination.

        The facts have been adequately detailed in prior orders and need not

be repeated here.

                        Conclusions of Law

        The motion seeking to conditionally dismiss the case is denied.

[*1]

Conditional dismissal is not appropriate where the plaintiff, although he may have refused to appear for a deposition, did not wilfully violate multiple court orders (see, Badome v. Zaret, 2020 WL 13158272 [Supreme Court Nassau County 2020]).

Turning to the motion seeking consolidation, it is well settled that when two cases represent common questions of law or fact then there should be a consolidation (Moses v. B & E Lorge Family Trust, 147 AD3d 1043, 48 NYS3d 427 [2d Dept., 2017]). A party objecting to the consolidation has the burden of demonstrating prejudice which harms a substantial right (Oboku v. New York City Transit Authority, 141 AD3d 708, 35 NYS3d 710 [2d Dept., 2016]).

The amended complaint in this action alleges that the plaintiff Pfanner and defendant Anderson entered into joint ventures together to purchase real estate. The joint ventures purchased five properties, three in Poughkeepsie New York and two in California. Each purchase was executed by a corporation established for that specific purpose including a corporation called POK Mill LLC. These entities were equally owned by the plaintiff and the defendant. While the amended complaint does not really describe any specific tortious conduct committed by the defendant it does allege in conclusory fashion that "extensive misappropriation, embezzlement and misdirection of the capital furnished by the Plaintiff, as well as the revenue income generated from the properties, as herein mentioned" (see, Amended Complaint ¶15 [NYSCEF Doc. No. 28]). The amended complaint does not describe the actual way in which the defendant allegedly embezzled funds or how he facilitated such embezzlement. The amended complaint in Pfanner v. Anderson, Index No. 509789/2024 alleges

2

[*2]

that Anderson, through a corporation wholly owned by him, purchased the property located at 325 Mill Street in Poughkeepsie from a third party without informing the plaintiff and violating the joint venture agreement. That property was purchased through an entity called POK 235 Main LLC. The amended complaint alleges the defendant purchased this property from funds he embezzled from the other jointly owned entities without informing the plaintiff and then resold it for an undisclosed sum.

The action Anderson o/b/o Partnership v. Pfanner, Index No. 518712/2024 is essentially an action alleging that Pfanner violated the partnership agreements. Indeed, the complaint in that action incorporates the counterclaims filed in this action (see, Verified LLC Member Derivative Complaint, ¶7 in Anderson o/b/o Partnership v. Pfanner, Index No. 518712/2024 [NYSCEF Doc. No. 1]).

Finally, POK Mill LLC v. Pfanner, Index No. 519488/2024 is about whether Pfanner breached a guaranty he signed by filing a petition to dissolve POK Mill LLC. Although that lawsuit was filed derivatively, the essence of the lawsuit is simply a claim against Pfanner and the mere fact it is derivative should not prevent consolidation.

Thus, the four lawsuits clearly concern the same questions of law and fact, namely whether any improprieties were committed by the plaintiff and/or the defendant. All four cases concern the same entities, the same individuals and are all really claims and counterclaims against each other. The mere fact some of the actions contain additional allegations of wrongdoing that is not included in the others does not render the actions so different that consolidation would be an inappropriate abuse of discretion (see, St James Plaza v. Notey, 166 AD2d 439, 560 NYS2d 670 [2d Dept., 1990]).

3

It is true that it would be improper to consolidate these actions since such consolidation would place each party as a plaintiff and a defendant in one consolidated action (M&K Computer Corp., v. MBS Industries Inc., 271 AD2d 660, 706 NYS2d 194 [2d Dept., 2000]), an obvious impossibility. Nevertheless, consolidation, or more accurately a 'joint trial' order is proper so that all discovery may take place in one venue and all substantive motions can be decided in one court.

Therefore, based on the foregoing the motion seeking to consolidate these cases for purposes of joint trial is granted. The clerk is directed to consolidate this action with Pfanner v. Anderson, Index No. 509789/2024, Anderson o/b/o Partnership v. Pfanner, Index No. 518712/2024, and POK Mill LLC v. Pfanner, Index No. 519488/2024 for purposes of joint trial.

So ordered.

ENTER:

DATED: November 12, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

4

[*4]