■ CHRISTOPHER PANDO, Appellant, v DAYSI FERNANDEZ, Also Known as DAISY FERNANDEZ, Respondent, et al., Defendant.—

Almost five years later, the nisi prius court has again denied plaintiff injunctive relief which would restrain defendant from receiving or exercising dominion over the lottery proceeds. However, a review of the pertinent facts at this time leads us to the conclusion that only if the requested relief is granted will any prize money remain to ensure payment to the plaintiff if he is successful. All of the papers submitted demonstrate that there is indeed a likelihood of plaintiff's ultimate success on the merits. In addition, a balancing of the equities clearly compels the granting of injunctive relief. Defendant has already collected more than $1,270,000. If she is paid the sixth lottery installment payment of July 1986 (now held in escrow), she will have been paid over 50% of the total lottery prize, some $2.8 million. It appears, notwithstanding her receipt of these sums, that defendant did not have necessary security to post a bond and that her present assets may be negligible. Under these circumstances, the prize money should not be paid to defendant, but should be disbursed to her attorney to be held in escrow pending the adjudication of this matter. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.