■ ARTHUR A. ROSENTHAL, JR., et al., Respondents, v ROCHESTER BUTTON COMPANY, INC., et al., Appellants, et al., Defendant.—Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered September 16, 1988, which granted plaintiffs' motion seeking an order escrowing the proceeds of the sale by defendant The Alpine Group, Inc. of the stock of defendant Rochester Button Company, Inc.'s successor, American Trim Products, Inc., to the extent of directing defendant The Alpine Group, Inc. to deposit $1,000,000 in an interest-bearing certificate of deposit to be held by said defendant's attorneys until five days after judgment in this action or further order of the court, is unanimously reversed, on the law and facts, and the motion denied, without costs or disbursements.

Plaintiff Arthur A. Rosenthal, Jr. brought this action alleging breach of an employment agreement between Rochester Button Company, Inc. (Rochester) and himself, fraud, misrepresentation, slander and with his wife, Judith, as coplaintiff, intentional infliction of emotional distress. The obligations of Rochester under the employment agreement were guaranteed by the parent corporation, defendant The Alpine Group, Inc. (Alpine).

After Alpine entered an agreement to sell most of its stock in American Trim Products, Inc. (ATP), the successor in interest to Rochester, plaintiffs sought an order compelling Alpine to deposit all or some of the money received by it from the sale of stock of ATP into escrow. The IAS court granted this motion to the extent of directing that $1,000,000 of the sale proceeds be deposited in an interest-bearing certificate of deposit to be held by defendant's present counsel as escrow agent. While the order does not recite the legal category on which the relief is based, it appears to be either an order of attachment or an injunction. However, since plaintiffs have failed to meet the prerequisites for either form of preliminary relief, the IAS court, therefore, abused its discretion in granting the motion.

In view of the fact that Alpine qualified to do business in New York after the commencement of this action, the only ground for the issuance of an order of attachment would be a showing that "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts" (CPLR 6201 [3]). Plaintiffs assert that Alpine's financial condition has been rapidly deteriorat-

ing and that, by selling virtually its entire interest in Rochester's successor, ATP, a New York-based company, Alpine has disposed of assets located in New York and removed them from this State. The record before us, however, is completely devoid of any evidence of fraudulent intent on the part of Rochester or Alpine in this sale.

"In any event, the question here is whether or not there has been a sufficient showing of the existence of a fraudulent intent accompanying the alleged overt acts of the appellants. 'The mere removal or assignment or other disposition of property is not ground for attachment. There must coexist an intent of the debtor to defraud his creditors. From disposition of the property no presumption of intent to defraud arises. Such intent must be proved, and the facts relied upon to prove it must be fully set out in the moving affidavits.' (10 Carmody-Wait, New York Practice, p. 51.)

" 'Fraud cannot be inferred, it must be proved' *(Anderson* v. *Malley,* 191 App. Div. 573, 575). The fact that the affidavits in support of an attachment contain allegations raising a suspicion of an intent to defraud is not enough *(Mohlman Co.* v. *Landwehr,* 87 App. Div. 83, 85); it must appear 'that such fraudulent intent really existed in the mind of the defendants, and not merely in the ingenuity of the plaintiffs' *(Thompson* v. *Dater,* 57 Hun 316, 319). Thus, fraud is never presumed by a mere showing of the liquidation or disposal by a debtor of its business assets *(Nolan* v. *Workman Co.,* 146 Misc. 99, 100 and cases cited). * * * There was here no showing of a secreting or disposal of any particular assets of the appellants with intent to defraud their creditors." *(Eaton Factors Co. v Double Eagle Corp.,* 17 AD2d 135, 136.)

Plaintiffs also have failed to demonstrate the requisite entitlement to preliminary injunctive relief pursuant to CPLR 6301. The issue of whether there was a breach of the employment agreement is sharply contested by the parties. Even assuming, arguendo, that plaintiffs have established a "likelihood of success" on the merits, there has been a complete failure by them to demonstrate irreparable injury absent the grant of injunctive relief. The existence of an adequate legal remedy will bar the issuance of an injunction *(see, Kane v Walsh,* 295 NY 198, 205-206). The plaintiffs in this action solely seek monetary damages and the award of such damages will constitute an adequate and complete remedy at law.

Plaintiffs contend, however, that defendants are suffering or may suffer financial reverses pendente lite, and therefore may

be unable to satisfy a subsequent judgment. This, it is asserted, satisfies the irreparable injury requirement. However, upon the record before us, plaintiffs have failed to demonstrate that defendant Alpine is in financial distress and likely to be unable to pay any judgment in the future. In addition, we see no reason why plaintiffs, under the circumstances herein, should receive a preference over any other unsecured creditor of Alpine. If such injunctive relief is granted on a simple showing that a defendant may at some future date be unable to pay a judgment, it would amount to a de facto judicial amendment of the requirements set forth in CPLR 6201 for attachment of assets.

Our prior holding in *Pando v Fernandez* (124 AD2d 495) is not to the contrary. In that case, we compelled a defendant to deposit a portion of her lottery winnings into an escrow account pending determination of plaintiff's claim to a 50% share of the prize. There, the plaintiff's claim was to an interest in the specific sum of money which was the res of the motion (and action). Likewise, the cases cited by plaintiffs for the proposition that the party against whom an injunction is sought must be solvent for there to be an adequate remedy at law *(Foreign Venture Ltd. Partnership v Chemical Bank,* 59 AD2d 352, 356; *Frey & Son v Sherburne Co.,* 193 App Div 849, 854) deal with letters of credit where the plaintiff has a specific, identifiable interest in the res. Here, plaintiffs have no specific interest in the proceeds of the sale of stock which would justify placing the equivalent of a constructive trust upon such proceeds. Their action is unrelated to the res they seek to attach or the transfer of which they seek to enjoin. Even if they were to succeed in this action, they will not become entitled by virtue of any judgment to said res, but will become unsecured judgment creditors of Alpine.

This significant difference in the applicability of injunctive relief is plainly apparent from the language of CPLR 6301: "A preliminary injunction may be granted in any action where it appears that the defendant threatens * * * *an act in violation of the plaintiff's rights respecting the subject of the action,* and tending to render the judgment ineffectual" (emphasis added). Concur—Sullivan, J. P., Asch, Kassal and Ellerin, JJ.