■ EAST HARLEM MANAGEMENT GROUP, INC., Respondent, v EUGENE SILBERMANN, Appellant, et al., Defendants. (And Another Action.) [692 NYS2d 377] —Order, Supreme Court, New York County (Herman Cahn, J.), entered July 15, 1998, which, to the extent appealed from, denied defendant Silbermann's motion to vacate a preliminary injunction in plaintiff's favor and to dismiss the second, fourth, fifth and seventh causes of action of the amended complaint, unanimously modified, on the law, defendant's motion granted and the preliminary

injunction vacated to the extent that it enjoined defendant Silbermann as to the disposition of payments received from the New York State Department of Social Services and required him to disclose bank records, and otherwise affirmed, without costs.

The above-vacated provisions of the preliminary injunction entered against defendant Silbermann were not supported either by a showing of a probability of success on the merits of plaintiff's claim respecting the subject methadone clinic or a showing that the relief was necessary to avoid irreparable harm (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860). Indeed, the IAS Court previously found a likelihood of defendant's, not plaintiff's, success on the merits in the underlying dispute over which of the parties is entitled to operate the methadone clinic. Plaintiff's surviving claims seek only money damages and plaintiff has not demonstrated that defendant will likely be unable to pay a judgment should one be entered against him (*see, Rosenthal v Rochester Button Co.,* 148 AD2d 375, 376).

The motion to dismiss the second, fourth, fifth and seventh causes of action in the amended complaint for failure to state a cause of action was properly denied. Plaintiff has sufficiently pleaded claims for tortious interference with business relations, breach of contract, unjust enrichment and unfair competition (*see,* CPLR 3013; *Foley v D'Agostino,* 21 AD2d 60). Concur—Sullivan, J. P., Nardelli, Tom, Saxe and Friedman, JJ.