■ JUSTIN MITCHELL, Respondent, v FIDELITY BORROWING LLC, Appellant. [827 NYS2d 107]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 12, 2006, which granted plaintiff's motion for a prejudgment order of attachment pursuant to CPLR 6201 (3), and ordered defendant to either post a bond in the amount of $160,000 or secure said amount in an interest-bearing escrow account, unanimously reversed, on the law, without costs, the motion denied and the order of attachment vacated.

Plaintiff failed to demonstrate in satisfaction of the requirements of CPLR 6201 (3) that defendant, "ha[d] assigned, disposed of, encumbered or secreted property, or removed it from the state or [was] about to do any of th[ose] acts." Rather, plaintiff merely alleged that defendant's sudden decision to start a new company was based solely on its intent to defraud plaintiff and to frustrate his efforts to collect any judgment against defendant (*see Benedict v Browne*, 289 AD2d 433 [2001]).

Plaintiff also fell short of meeting CPLR 6201 (3)'s requirements by failing to show that defendant intended to defraud or frustrate the enforcement of any judgment against it. We have previously held that, "[t]he fact that the affidavits in support of an attachment contain allegations raising a suspicion of an intent to defraud is not enough" (*Rosenthal v Rochester Button Co.*, 148 AD2d 375, 376 [1989]). Indeed, "fraud is never presumed by a mere showing of the liquidation or disposal by a

debtor of its business assets" (*id.*). Thus, defendant's assertion that it will close its mortgage brokerage business if it obtains approval to become a banking institution was not sufficient proof that it intended to defraud plaintiff or frustrate the enforcement of any judgment against it. Indeed, defendant's principal asserted, in opposition to plaintiff's motion, that it was a solvent company and was meeting all of its obligations, including payments to creditors (*see Anderson v Malley*, 191 App Div 573, 575 [1920]). Plaintiff has also failed to demonstrate that defendant is in financial distress and will unlikely be able to pay any judgment in the future (*see Rosenthal*, 148 AD2d at 377).

Finally, the IAS court erred by not requiring plaintiff to post a bond in an amount sufficient to pay defendant damages, including attorneys' fees, in the event, now realized, that plaintiff was found not entitled to an attachment (CPLR 6212 [b]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.