■ ORLY GENGER, Individually and on Behalf of the ORLY
GENGER 1993 TRUST, Respondent, v DALIA GENGER, Appellant,
et al., Defendants. [55 NYS3d 658]—

Order, Supreme Court, New York County (Barbara Jaffe, J.),
entered on or about September 12, 2016, which, to the extent
appealed from as limited by the briefs, granted plaintiff's mo-
tion to attach the assets of defendant Dalia Genger (Dalia),
unanimously reversed, on the law and the facts, with costs,
and the motion denied.

To obtain an order of attachment, a plaintiff must "show, by
affidavit and such other written evidence as may be submitted,
. . . that it is probable that the plaintiff will succeed on the

merits" (CPLR 6212 [a]). The only claim in this action that seeks a money judgment against Dalia (*see* CPLR 6201) is the fourth, for fraud.

The elements of fraud are "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *see Pasternack v Laboratory Corp. of Am. Holdings*, 27 NY3d 817, 827 [2016]). To the extent the fraud claim is based on an affirmative misrepresentation, Dalia submitted an affidavit in opposition to plaintiff's motion saying, "At her deposition, . . . Plaintiff had no specific recollection of my making any . . . statement about the D&K Note being not enforceable or being worthless." In her reply, plaintiff did not dispute this.

To the extent the fraud claim is based on material omissions, it states a cause of action. However, stating a cause of action does not equate to a probability of success on the merits. In her moving papers, plaintiff submitted no affidavit or written evidence that Dalia had committed fraud. Rather, she relied solely on the fact that partial summary judgment had been granted against three other defendants. However, "[t]o sustain a warrant of attachment against the property of a defendant, the moving papers must establish both a cause of action and a ground of attachment as to that particular defendant" (*Ford Motor Credit Co. v Hickey Ford Sales*, 62 NY2d 291, 296 [1984]).

Since plaintiff's motion for an attachment should have been denied because she failed to show that "it is probable that [she] will succeed on the merits" (CPLR 6212 [a]), we need not reach the issues of whether plaintiff showed a ground for attachment against Dalia pursuant to CPLR 6201 (3) and whether Dalia's individual retirement account should have been exempt from attachment pursuant to CPLR 5205 (c). Concur—Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.