Tsinias Enters. Ltd. v Taza Grocery, Inc. (2019 NY Slip Op 04020)





Tsinias Enters. Ltd. v Taza Grocery, Inc.


2019 NY Slip Op 04020


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-12969
 (Index No. 153992/17)

[*1]Tsinias Enterprises Ltd., appellant, 
v
Taza Grocery, Inc., et al., respondents.


Golino Law Group PLLC, New York, NY (Brian W. Shaw of counsel), for appellant.
Charles E. Boulbol, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and fraudulent inducement, the plaintiff appeals from an order of the Supreme Court, New York County (Arlene P. Bluth, J.), dated December 21, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for fraud and fraudulent inducement. By decision and order of the Appellate Division, First Department, dated October 24, 2018, this appeal was transferred to this Court for hearing and determination (see NY Const, Art VI, § 4[i]).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff owns a building located at 350 Park Avenue South in New York County. In 1996, the plaintiff's sole shareholder was the Tsinias Family Partnership, LP, of which Nicholas Tsinias (hereinafter Nicholas) was the general partner. Nicholas managed the subject building from December 19, 1996, until December 2, 2009. During his tenure as manager, he signed a lease on behalf of the plaintiff, which permitted the defendant Taza Grocery, Inc. (hereinafter Taza), to occupy the commercial premises for 10 years, from 2005 until 2015. Further, between 2005 and 2012, Nicholas signed, before a Notary Public, three lease extensions which permitted Taza, by its principal, the defendant Jamil Yabroudi, to remain in the premises for, in total, an additional 20 years.
In May 2015, the plaintiff commenced the instant action, inter alia, to recover damages for fraud and fraudulent inducement. The plaintiff alleged that the defendants "made false
representations of material fact to [the] [p]laintiff by misrepresenting the papers placed before [Nicholas] to sign" and that the defendants knew their representations to be false when made. The plaintiff further alleged that Nicholas signed all three lease extensions without ever reading them or being aware of the contents.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for fraud and fraudulent inducement. The Supreme Court granted those branches of the defendants' motion. The plaintiff appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, "the court will accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (see Nonnon v City of New York, 9 NY3d 825, 827, quoting [*2]Leon v Martinez, 84 NY2d 83, 87-88). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Applying these principles here, we agree with the Supreme Court's determination to grant those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action to recover damages for fraud and fraudulent inducement. The elements of a cause of action to recover damages for fraud are "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; see Genger v Genger, 152 AD3d 444, 445). "To state a [cause of action to recover damages] for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury" (GoSmile, Inc. v Levine, 81 AD3d 77, 81). Pursuant to CPLR 3016(b), where the cause of action is grounded in misrepresentation or fraud, the circumstances constituting the wrong shall be stated in detail.
Here, the complaint does not contain any specific allegations setting forth the misrepresentations allegedly made by the defendants. Moreover, in support of the motion, the defendants submitted, inter alia, the lease extensions, executed by Nicholas before a Notary Public, which are clear and unambiguous. To the extent that the plaintiff alleged that Nicholas did not read the lease extensions, "[a] party who signs a document without any valid excuse for having failed to read it is conclusively bound by its terms" (Tozzi v Mack, 169 AD3d 547, 548 [internal quotation marks omitted]; see Stortini v Pollis, 138 AD3d 977, 978).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court