MacArthur v Doeblin (2024 NY Slip Op 00742)

MacArthur v Doeblin

2024 NY Slip Op 00742

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 656694/19 Appeal No. 1643-1644 Case No. 2023-03565, 2023-04009 

[*1]John R. MacArthur etc., Plaintiff-Respondent,
v
Christopher Doeblin, Defendant-Appellant. 

Law Offices of John V. Golaszewski, P.C., New York (John V. Golaszewski of counsel), for appellant.
Cowan, Liebowitz & Latman, P.C., New York (Raphael S. Nemes of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about January 13, 2023, which, insofar as appealed from, granted plaintiff's motion for partial summary judgment as to liability on his breach of fiduciary duty cause of action and denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about June 29, 2023, which insofar as appealable, denied defendant's motion to renew, unanimously affirmed, without costs.
Both CPLR 5528 and this Court's rules (22 NYCRR 1250.7[d][v]) require an appellant perfecting through the appendix method to include material exhibits and materials upon which appellant should reasonably expect respondent to rely. Here, defendant failed to include material from the record that was expressly relied upon by the trial court and was clearly called for by his own arguments. This can be grounds for the Court to reject the appeal (Djeddah v Djeddah, 172 AD3d 634 [1st Dept 2019]).
However, because the appendix was not wholly deficient and because plaintiff ameliorated the deficiencies by filing his own appendix, the appeal will not be dismissed on this ground. Instead, defendant is directed to pay plaintiff for the costs (but not legal fees) of preparing his appendix.
In this direct and derivative action by plaintiff member against defendant managing member of a limited liability company (LLC), the trial court properly denied defendant's motion for summary judgment dismissing the complaint. The complaint and summary judgment papers gave defendant sufficient notice of the claims and transactions at issue (see Jerry v Borden Co., 45 AD2d 344, 347 [1st Dept 1974]). As to the breach of contract cause of action, plaintiff's alleged knowledge of the contractual breaches did not constitute a waiver of the claims, in light of the provisions in the parties' amended operating agreement requiring that any such waiver be in writing (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446 [1984]). Moreover, plaintiff raised an issue of fact as to the existence of nonspeculative damages from the alleged breaches, including defendant burdening the LLC with substantial unauthorized debt (see Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]).
Plaintiff's fraud claim was sufficient as it was based on the concealment of material facts by defendant, a fiduciary (see Robinson v Crawford, 46 AD3d 252, 253 [2007]; Genger v Genger, 152 AD3d 444, 445 [1st Dept 2017]). We decline to consider defendant's argument that the fraud claim was duplicative of the contract claim, because it was raised for the first time below on a renewal motion.
The trial court properly granted plaintiff's motion for summary judgment on his breach of fiduciary duty claim. Plaintiff met his burden to establish liability for breach of fiduciary duty, by submitting documentary evidence establishing that defendant had diverted hundreds [*2]of thousands of dollars from the LLC to his own corporation. In addition, because plaintiff moved for partial summary judgment on liability, he did not have to establish damages (see Gordon v Schaeffer, 176 AD3d 431, 431 [1st Dept 2019] [holding that "[c]ontrary to defendant's contention, plaintiff's motion as to liability need not be denied because he failed to demonstrate damages as a result of the breach"]). Further, defendant's conclusory statement that the amounts were paid back was insufficient to avoid summary judgment (see Nordea Bank Finland PLC v Holten, 84 AD3d 589, 590 [1st Dept 2011]). In any event, alleged repayment of the diverted funds, shortly before the collapse of the LLC, was insufficient to preclude a finding of liability.
Lastly, the trial court did not abuse its discretion in denying renewal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024