J.S.I.K. Intl. LLC v Schuster (2024 NY Slip Op 01345)

J.S.I.K. Intl. LLC v Schuster

2024 NY Slip Op 01345

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 650898/23 Appeal No. 1856 Case No. 2023-02565 

[*1]J.S.I.K. International LLC et al., Plaintiffs-Appellants-Respondents,
v
Joshua Schuster et al., Defendants-Respondents-Appellants, SD Second Avenue Venture, LLC, et al., Defendants-Respondents.

Kauff Laton Miller LLP, New York (Adam S. Miller of counsel), for appellants-respondents.
Windels Marx Lane & Mittendorf, LLP, New York (Scott R. Matthews of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about May 10, 2023, which, to the extent appealed from, denied in part plaintiffs' motion for a preliminary injunction to the extent that they sought to bar defendants-respondents (Project Entities) from distributing any net cash flow to a nonparty member of a joint venture (CS Member) under an LLC operating agreement (JV Agreement) and denied their alternative relief of a prejudgment attachment on all net cash flow, unanimously affirmed, with costs.
Supreme Court providently granted in part and denied in part the preliminary injunction sought by plaintiffs (see CPLR 6301; Harris v Patients Med., P.C., 169 AD3d 433, 434 [1st Dept 2019]). Plaintiffs are investors in a project to develop real property located on Second Avenue in Manhattan into luxury condominiums. Plaintiffs may have "demonstrate[d] a probability of success on the merits" on their unjust enrichment claim against SD Second Avenue Property LLC (SD Property), the Project Entity which is the operating entity for the construction project. However, they failed to show "by clear and convincing evidence" (Uber Tech., Inc. v American Arbitration Assn., Inc., 204 AD3d 506, 508 [1st Dept 2022] [internal quotation marks omitted]) a "danger of irreparable injury in the absence of an injunction and a balance of equities in [their] favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; see also Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]; Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
Plaintiffs seek as damages the specific amount they paid into SD Property and their direct investment in the nonparty former developer (SD Manager), which had an indirect 49.5% ownership interest in the Project Entities. "Damages compensable in money and capable of calculation . . . are not irreparable" (SportsChannel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1st Dept 1992]). The "exception" to this rule, "where the monies at issue are identifiable proceeds that are supposed to be held for the party seeking injunctive relief" (AQ Asset Mgt. LLC v Levine, 111 AD3d 245, 259 [1st Dept 2013]), does not apply here. The proceeds which plaintiffs sought to enjoin are not "supposed to be held for the party seeking injunctive relief" — in this case, the plaintiffs  but are instead to be distributed to CS Member, which owns a 50.5% interest in the Project Entities and is unrelated to SD Manager (id.). Indeed, these proceeds are not the "subject of the action," and an injunction would be "incidental to and purely for the purposes of enforcement of the primary relief sought here, a money judgment" (Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 544-545, 548 [2000]; see also Rosenthal v Rochester Button Co., 148 AD2d 375, 377 [1st Dept 1989]; cf. Pando v Fernandez, 124 AD2d 495, 496 [1st Dept 1986]).
The balance of equities is also not in plaintiffs' favor, as the "relative [*2]prejudice" to the Project Entities and CS Member "outweighs any potential harm" to plaintiffs (Barbes Rest. Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 432 [1st Dept 2016]). Plaintiffs' contention that CS Member's interest should not be considered ignores CS Member's obvious interest in the potential funds sought to be enjoined and is inconsistent with their request for consolidation of this action with their related action, which was granted (see e.g. PH-105 Realty Corp v Elayaan, 78 Misc 3d 1238[A], 2023 NY Slip Op 50478[U], *5 [Sup Ct, NY County 2023]; CSI Entertainment, Inc. v Dynasty Boxing, LLC, 2017 NY Slip Op 31554[U], *6-8 [Sup Ct, Richmond County 2017]).
Supreme Court also providently denied the alternative relief of a prejudgment attachment of all net cash flow, as plaintiffs failed to demonstrate that "one or more grounds for attachment provided in section 6201 exist" (CPLR 6212[a]). Specifically, plaintiffs identify nothing in the record demonstrating that the Project Entities, now managed by CS Member, are imminently going to dispose of assets "with the intent to
defraud [their] creditors or frustrate the enforcement of a judgment" (CPLR 6201[3]; see Shisgal v Brown, 3 AD3d 434, 434 [1st Dept 2004]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024