| **Fischer v Nash** |
|:---:|
| 2024 NY Slip Op 31107(U) |
| April 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 516948/2023 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
----------------------------------------x
DAVID FISCHER,

                              Petitioner,       Decision and order

        - against -                             Index No. 516948/2023

CHAIM TZVI NASH,

                              Respondent,        April 2, 2024
----------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                    Motion Seq. #1


        The petitioner has moved pursuant to CPLR §7510 seeking to

confirm an arbitration award and an injunction preventing the

respondent from transferring certain property he owns.  The

respondent has cross-moved seeking to vacate or remand that

arbitration award.  The motions have been opposed respectively.

Papers were submitted by the parties and arguments held.  After

reviewing all the arguments this court makes the following

determination.

        On or about November 9, 2022 the parties entered into an

arbitration agreement to resolve a dispute between the parties

regarding loans made by the petitioner that were not paid back by

the respondent.  On March 8, 2023 the arbitration panel issued a

decision and held that the respondent owes the petitioner seven

million dollars and that such amount was required to be paid by

February 15, 2024.  The arbitration award concluded that

"Claimant shall not confirm this ruling immediately. However, in

the event payment isn't received in full within the above time

frame, Claimant may confirm this ruling in any court of law"

[*1]

(see, Arbitration Decision, ¶5 [NYSCEF Doc. No. 1]). Thus, the arbitration award afforded the petitioner approximately eleven months in which to pay the award. On May 24, 2023 the arbitration panel issued a "continuation" award, without respondent's participation, when they learned the respondent was attempting to sell property he owned. Thus, the continuation award stated that the respondent was not permitted to sell property located in Florida until he paid the money owed to petitioner. The petitioner now moves seeking to confirm the arbitration awards. The respondent opposes the motion arguing there can be no confirmation of the continuation award where they had no opportunity to participate in that proceeding. Thus, they seek to either vacate the award or remand for further proceedings.

<u>Conclusions of Law</u>

CPLR Article 75 establishes mechanisms for court confirmation, vacatur, modification, and enforcement of arbitration awards. The Article states that a "court shall confirm an award upon application of a party...unless the award is vacated or modified upon a ground specified in section 7511"(CPLR §7510). Where no such grounds exist, a "judgment shall be entered upon the confirmation of an award" (CPLR §7514(a)). Thus, to vacate an arbitration award the party

2

[*2]

maintains a heavy burden and must establish such vacatur by clear and convincing evidence (Jurcec v. Moloney, 164 AD3d 1461, 84 NYS3d 433 [2d Dept., 2018]). CPLR §7511 present four grounds for vacatur of an arbitration award. They are, 1) corruption, fraud or misconduct in procuring the award, 2) partiality of an arbitrator, 3) an arbitrator making the award exceeded his power, and 4) the failure to follow the procedures of CPLR Article 75.

The court need not consider whether the continuation award was improper since it was issued without the respondent's consent. First, contrary to the arguments of the respondent, the continuation award does not contradict the original award. The original award ordered the respondent to pay seven million dollars by February 15, 2024. The continuation award prohibited the respondent from selling a property he owned in Florida. There is nothing inconsistent about these rulings that undermine the original award's effectiveness. Further, there is no merit to the argument the petitioner sought to confirm the award prior to February 14, 2024. An award is confirmed upon judicial confirmation. Of course, a court cannot confirm an award without a motion filed seeking that relief, however, the filing of the motion is not a confirmation. Thus, until the court confirms the award, any necessary and preliminary activity on the part of the petitioner, prior to February 14, 2024, does not violate the terms of the award. The respondent insists the confirmation of

3

[* 3]

any award was not ripe until February 14, 2024. That is certainly true, however, that did not foreclose the petitioner to engage in any activity to secure a confirmation as close to February 14, 2024 as possible. The petitioner's arguments the motion for confirmation was filed early because the respondent failed to abide by the continuation award need not be considered since in any event the award was not confirmed prior to February 14, 2024. The respondent's assertions the mere filing of the request constituted a breach of the arbitration clause does not withstand any analysis. Thus, even ignoring the continuation award there is no reason to deny confirmation of the original award.

Therefore, based on the foregoing, the motion seeking to confirm the arbitration award is granted and the petitioner may take any measures to enforce the judgement including the filing of a copy of the decision with the county clerk in the county where said property is located.

Turning to the motion seeking an injunction prohibiting the respondent from selling the Florida property, it is clear the respondent never followed the continuation award's instruction which required the respondent to file a notification the property would not be sold. Thus, this request is really unrelated to the continuation award and can be viewed in this context.

CPLR §7502(c) states that "the supreme court in the county

4

[* 4]

in which an arbitration is pending...may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced...but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of articles 62 and 63 of this chapter shall apply to the application" (id). Thus, even if that statute is applicable where an arbitration award has already been obtained, in order to seek an injunction the petitioner must demonstrate the award may be rendered ineffectual without it and must further "also make a showing of the traditional equitable criteria for the granting of temporary relief under CPLR article 63" namely, a likelihood of success on the merits, irreparable injury and a balancing of the equities in the petitioner's favor (see, Winter v. Brown, 49 AD3d 526, 853 NYS2d 361 [2d Dept., 2008]).

There can really be no dispute the petitioner has satisfied the first prong since the petitioner has already prevailed in the arbitration proceeding. In order to satisfy the second prong of irreparable harm it must be demonstrated that monetary damages are insufficient (Autoone Insurance Company v. Manhattan Heights Medical P.C., 24 Misc3d 1229(A), 899 NYS2d 57 [Supreme Court Queens County, 2009]). The petitioner does not even allege anything other than money damages. Thus, any alleged loss which

5

[*5]

can be compensated by money damages is not irreparable harm (Family Friendly Media Inc., v. Recorder Television Network, 74 AD3d 738, 903 NYS2d 80 [2d Dept., 2010]). An injunction based upon purely monetary damages is improper even if the passage of time will render any judgement obtained ineffectual (Rosenthal v. Rochester Button Company, 148 AD2d 375, 539 NYS2d 11 [st Dept., 1989]).

Therefore, there is no basis to enjoin the respondent from selling his property since the only harm this may cause the petitioner is monetary in nature. Indeed, even the case cited by petitioner in favor of the injunction actually denied the request for an injunction on the grounds no irreparable harm was presented (JY Not So Common L.P. v. P & R Bronx, LLC, 79 Misc3d 626, 191 NYS3d 904 [Supreme Court, Bronx County, 2023]).

Thus, the motion seeking an injunction is denied.

Lastly, there is no basis for a vacatur or remand of the original arbitration award and any cross-motion seeking such relief is denied.

So ordered.

ENTER:


DATED: April 2, 2024
       Brooklyn N.Y.                    _____
                                        Hon. Leon Ruchelsman
                                        JSC

[* 6]