GKER Ltd. v Clarkson BU LLC (2025 NY Slip Op 00721)

GKER Ltd. v Clarkson BU LLC

2025 NY Slip Op 00721

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 653955/23 Appeal No. 3645 Case No. 2024-02426 

[*1]GKER LTD., etc., Plaintiff-Respondent,
v
Clarkson BU LLC, et al., Defendants-Appellants, Clarkson 1, LLC, et al., Defendants.

Steptoe LLP, New York (Nathaniel J. Kritzer of counsel), for appellants.
Twersky PLLC, New York (Aaron Twersky of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about March 28, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a preliminary injunction enjoining defendants from dissipating, paying, or transferring any monies in their possession or that may come into their possession in connection with the sale of condominiums at the property located at 75-77 Clarkson Avenue in Brooklyn; from releasing any monies, funds, loan repayments, or disbursements to any defendant or anyone else on defendants' behalf; and from using any monies or funds of defendant Clarkson BU LLC or monies attributable to the property for any purpose other than for management and expenses of the properties, and for an order of attachment, unanimously reversed, on the law, without costs, the motion denied, and the injunction and attachment order vacated.
Plaintiff failed to demonstrate a likelihood of success on the merits, irreparable harm, and a balance of equities in its favor (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; McBride v KPMG Intl., 135 AD3d 576, 580 [1st Dept 2016]). Although plaintiff raised some questions about entries in Clarkson BU's financial records and tax returns, Clarkson BU presented significant evidence that the loans were legitimate.
Plaintiff seeks as damages the amount of its investment and any profit on that investment. The availability of quantifiable money damages precludes a finding of irreparable harm (see Kingsbridge 2005, LLC v Wells Fargo Bank, 226 AD3d 620, 621 [1st Dept 2024]; J.S.I.K. Intl. LLC v Schuster, 225 AD3d 472, 473-474 [1st Dept 2024]). Moreover, Supreme Court based its finding of irreparable harm on a potential foreclosure on the property by a mortgagor; however, the Clarkson BU defendants state that there is no mortgage on the property or risk of foreclosure and plaintiff did not dispute that there was no remaining mortgage on the property.
Plaintiff did not demonstrate a likelihood of success on the merits. Therefore, the order of attachment should be reversed, as a likelihood of success on the merits is necessary to obtain an order of attachment (CPLR 6212; Genger v Genger, 152 AD3d 444, 445 [1st Dept 2017]). Moreover, CPLR 6201(1) requires a showing that the defendant is a nondomiciliary residing without the state or a foreign corporation not qualified to do business in the state, and plaintiff must show a basis for attachment as to the particular defendant whose property is subject to the attachment (VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 59-61 [1st Dept 2013]). The Israel-based defendants Eran Reisfeld, Ran Oron, and Gili Haberberg have not appeared, and their property is not the subject of the attachment order. Rather, the attachment order applies only to the property of Clarkson BU, a New York entity.
Plaintiff did not submit sufficient proof that defendants acted fraudulently [*2]with respect to Clarkson BU so as to warrant issuance of an attachment (CPLR 6201[3]). It is not sufficient that affidavits in support of an attachment contain allegations raising a suspicion of an intent to defraud (see Mitchell v Fidelity Borrowing LLC, 34 AD3d 366, 366-367 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025